**SUPREME BEEF PACKERS, INC., Appellant,**

v.

**Ron Bartley MADDOX, Appellee.**

No. 06–99–00122–CV.

Court of Appeals of Texas, Texarkana.

Submitted Dec. 5, 2001.

Decided Jan. 15, 2002.

Rehearing Overruled Feb. 5, 2002.

J. Patrick Kelley, Ireland, Carroll & Kelley, PC, Tyler; Stephen J. Zayler, Lufkin; Mark X. Mullin, Haynes & Boone, LLP, Dallas; Jason R. Searcy, Longview, Attorneys for appellant.

David R. Weiner, Law Office of David R. Weiner, Dallas, Attorney for appellee.

Before CORNELIUS, C.J., GRANT and ROSS, JJ.

## OPINION

WILLIAM J. CORNELIUS, Chief Justice.

This is an appeal from a negligence suit arising from a job-related injury. Ron Bartley Maddox worked for Supreme Beef Processors (Supreme), where he was responsible for making minor equipment repairs. While standing in water, Maddox tried to plug some equipment into an electrical outlet, and he received an electrical shock that injured him. He successfully sued Supreme for damages, alleging negligence per se based on violations of the Occupational Safety and Health Act (OSHA).

■ We consider only Supreme's first issue, it being dispositive and properly preserved for review.[1] That issue is whether it was proper for the trial court to submit twelve jury instructions stating that it is negligence per se for an employer to fail to comply with certain OSHA regulations. For reasons that follow, we conclude that the OSHA regulations at issue may not be the basis for a claim of negligence per se, so the court's instructions incorrectly stated the law. We therefore reverse the judgment of the trial court and remand the cause for a new trial.

■ Negligence per se is a concept whereby a legislatively imposed standard of conduct is adopted by the civil courts as defining the conduct of a reasonably prudent person. *Carter v. William Sommerville & Son, Inc.*, 584 S.W.2d 274, 278 (Tex.1979); *Moughon v. Wolf,* 576 S.W.2d 603, 604 (Tex.1978). In such a case, the jury is not asked to decide whether or not the defendant acted as a reasonably prudent person would have acted under the same or similar circumstances. The statute itself states what a reasonably prudent person would have done. If an excuse is not raised, the only inquiry for the jury is whether or not the defendant violated the statute or regulation and, if so, whether the violation was a proximate cause of the

---

1. Supreme raised its objection to the jury charge both at trial and in its motion for new trial.

injury. *Carter v. William Sommerville & Son, Inc.*, 584 S.W.2d at 278.

Courts have held that it is negligence per se to drive on the wrong side of the road, *L.M.B. Corp. v. Gurecky*, 501 S.W.2d 300 (Tex.1973); to fail to stop at a railroad crossing when a train is approaching, *S. Pac. Co. v. Castro*, 493 S.W.2d 491 (Tex. 1973); to attempt to pass a vehicle when nearing an intersection, *Impson v. Structural Metals, Inc.*, 487 S.W.2d 694 (Tex. 1972), or to knowingly permit an unlicensed person to drive a car, *Mundy v. Pirie–Slaughter Motor Co.*, 146 Tex. 314, 206 S.W.2d 587 (1947). Other examples of statutes or ordinances that have been judicially adopted for purposes of imposing civil liability include legislation regulating clearance heights of bridges and other structures crossing railroad tracks, *Missouri Pac. R. Co. v. Am. Statesman*, 552 S.W.2d 99 (Tex.1977); prohibiting participation in drag races, *Parrott v. Garcia*, 436 S.W.2d 897 (Tex.1969); and regulating the placement of telephone poles, *Alpine Tel. Corp. v. McCall*, 143 Tex. 335, 184 S.W.2d 830 (1944).

▇▇▇ In contrast to the laws at issue in the cases just noted, some statutes do not define a mandatory standard of *conduct*, but merely create a standard of *care*, under which the duty of compliance may be conditional or less than absolute. Proving a violation of a statute imposing such a standard of care usually requires proof that the party charged with the violation has failed to exercise ordinary care. *See* 13 WILLIAM V. DORSANEO III, TEXAS LITIGATION GUIDE § 290.02[4][b] (1993); *Borden, Inc. v. Price*, 939 S.W.2d 247, 250–51 (Tex. App.-Amarillo 1997, pet. denied) (see cases cited). For example, when a statute requires a person to exercise his or her judgment, as when a driver should proceed only when it is safe to do so, the statute reflects a standard of care that is no different from the ordinarily prudent person standard. But if the statute requires all persons to stop in obedience to a red flashing light at an intersection, the statute clearly defines the prohibited conduct, leaving the driver no discretion or room for the exercise of judgment, and it is therefore a standard of conduct statute. *See Sheppard v. Judkins*, 476 S.W.2d 102, 114 (Tex.Civ.App.-Texarkana 1971, writ ref'd n.r.e.) (Ray, J., concurring). Whether a statute describes a mandatory standard of conduct or incorporates the ordinarily prudent person standard of care must be determined on a case-by-case basis.

▇▇▇ Where a statute incorporates the ordinarily prudent person standard, negligence per se does not apply because the statute does not establish a specific standard of conduct different from the common-law standard of ordinary care. In those cases, "it is redundant to submit a question on the statutory standard or to instruct the jury regarding it, and the negligence per se standard is subsumed under the broad-form negligence question." *Smith v. Cent. Freight Lines, Inc.*, 774 S.W.2d 411, 413–15 (Tex.App.-Houston [14th Dist.] 1989, writ denied); *see also Louisiana–Pac. Corp. v. Knighten*, 976 S.W.2d 674, 675 (Tex.1998); *Missouri Pac. R. Co. v. Lemon*, 861 S.W.2d 501, 515 (Tex.App.-Houston [14th Dist.] 1993, writ dism'd by agr.); *Cudworth v. S. Texas Paisano Constr. Co.*, 705 S.W.2d 315, 317 (Tex.App.-San Antonio 1986, writ ref'd n.r.e.) "[Where] the statute imposes a duty that is not absolute, but rather is conditional, violation of the statute does not constitute negligence per se. Instead, the 'reasonable person' standard of common law negligence is read into the statute." *Id.*

In this case, the contested jury instructions, followed by their purported legal bases, are as follows:

1. "The law forbids an employer from failing to meet its obligation to comply with all occupational safety and health standards." *See* 29 U.S.C.A. § 654(a)(2) (West 1999).

2. "The law forbids an employer from failing to comply with the housekeeping requirements and prohibitions against permitting wet surfaces to exist in walking and work areas." *See* 29 C.F.R. 1910.22 (2001).

3. "The law forbids an employer from failing to provide adequate personal protective equipment necessary to do the work it requires employees to perform." *See* 29 C.F.R. 1910.132 (2001).

4. "The law forbids an employer from failing to provide adequate specific electrical personal protective equipment necessary to do the work it requires its employees to perform." *See* 29 C.F.R. 1910.137 (2001).

5. "The law forbids an employer from failing to establish adequate procedures to make sure that the workplace flooring and walking/working areas are free from water and damp conditions." *See* 29 C.F.R. 1910.141 (2001).

6. "The law forbids an employer from failing to establish adequate procedures to make sure that the tools that it requires its employees to use operate safely and free from hazards associated with their use." *See* 29 C.F.R. 1910.242 (2001).

7. "The law forbids an employer from failing to establish adequate procedures to prevent contact with energized electrical circuits or conductors and to make sure that the electrical equipment it requires its employees to use are free from recognized hazards associated with their use." *See* 29 C.F.R. 1910.303 (2001).

8. "The law forbids an employer from failing to establish adequate training regarding electrical hazards and use of electrical equipment." *See* 29 C.F.R. 1910.332 (2001).

9. "The law forbids an employer from failing to establish adequate electrical work practices and procedures." *See* 29 C.F.R. 1910.333 (2001).

10. "The law forbids an employer from failing to provide adequate electrical protective equipment." *See* 29 C.F.R. 1910.333 (2001).

11. "The law forbids an employer from failing to establish adequate procedures to insure that employees are using safe electrical equipment." *See* 29 C.F.R. 1910.334 (2001).

12. "The law forbids an employer from failing to establish adequate electrical safeguards for personal protection." *See* 29 C.F.R. 1910.335 (2001).

Each of these instructions concluded with the phrase, "A failure to comply with this law is negligence itself."

Although these instructions purport to assist the jury in determining whether Supreme violated certain statutes and regulations, some of these instructions fail to accurately reflect the statutory requirements. For example, instructions two and five seem to state that the law requires employers to ensure that there are no wet surfaces in walking and work areas. The law does not so require. What the two regulations, on which these instructions are based, require is that "[t]he floor of every workroom shall be maintained in a clean and, *so far as possible,* a dry condition," 29 C.F.R. 1910.22 (emphasis added), and "[t]he floor of every workroom shall be maintained, *so far as practicable,* in a dry condition." 29 C.F.R. 1910.141 (emphasis added). These OSHA

regulations obviously require an employer to exercise judgment and discretion when determining what measures are possible and practicable to achieve the desirable goal of dry working conditions. They do not establish a mandatory standard of conduct, but rather reflect a standard of care for which the duty of compliance is conditioned on what is possible or practicable. In other words, the duty of compliance is conditioned on what is reasonable. It therefore remains the province of the jury to decide whether the employer's conduct was reasonable under the circumstances, and the negligence per se doctrine does not apply.

■ Instructions three and four suffer from a similar flaw. Although these instructions are not inconsistent with the regulations, the regulations also provide that "[t]he employer shall assess the workplace to determine if hazards are present, or are likely to be present, which necessitate the use of personal protective equipment." 29 C.F.R. 1910.132(d). Thus, an employer must exercise judgment and discretion when attempting to provide adequate personal protective equipment to its employees. It is therefore left to the jury to decide if the employer acted reasonably.

Instructions six and seven basically state that the tools that an employer requires a worker to use must be safe. There is obviously no clearly-defined standard of conduct specified here. Determining what is or is not safe in these circumstances bears practically no difference from determining what is or is not reasonable.

We need not consider individually the remaining instructions and underlying regulations. Suffice it to say that they similarly do not adequately reflect the law and are incompatible with the doctrine of negligence per se.

In support of his argument that OSHA regulations may be used to establish negli-

gence per se when the plaintiff is an employee of the defendant, Maddox relies on two cases, *Dixon v. Int'l Harvester Co.,* 754 F.2d 573, 581 (5th Cir.1985), and *Melerine v. Avondale Shipyards, Inc.,* 659 F.2d 706, 710–12 (5th Cir.1981). *Dixon* involved simple negligence and not negligence per se, and thus is not on point. However, the court in *Dixon* did comment on its decision in *Melerine*. The *Dixon* court stated: "In *Melerine* . . ., we held that OSHA regulations provide evidence of the standard of care exacted of employers, and thus may only be used to establish negligence per se when the plaintiff is an employee of the defendant." 754 F.2d at 581 (citing *Melerine*, 659 F.2d at 710–12). We consider this to be a misstatement of the *Melerine* case.

In *Melerine*, the plaintiff raised both negligence in law (or per se) and negligence in fact arguments. 659 F.2d at 708. The only issue the court decided relating to whether OSHA regulations could be the basis for a negligence per se claim was whether the plaintiff was a member of the class that the applicable OSHA regulations were intended to protect. Because the plaintiff was not such a class member, the defendant was not negligent in law. 659 F.2d at 712. The court in *Melerine* took the negligence per se analysis no further. Nowhere in the *Melerine* opinion does the court state that OSHA regulations may be used to establish negligence per se, nor will we infer it solely from the fact that the court considered whether the plaintiff was a member of the class protected by the statute. And Maddox cites to no other authority in support of his argument.

■ Negligence per se instructions were inappropriate in this case. Because the jury charge failed to properly reflect the law, Supreme was denied its right to have the jury determine whether it was in

fact negligent. The instructions were harmful and constitute reversible error. We reverse the judgment of the trial court and remand the cause for a new trial.