# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 8, 2012

No. 11-50882
Summary Calendar

Lyle W. Cayce
Clerk

ROGER STILES, Husband; SHARLA STILES, Wife,

Plaintiffs - Appellants

v.

TENET HOSPITALS LIMITED, a Texas Limited Partnership, doing business as Sierra Medical Center,

Defendant - Appellee

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:09-CV-463

Before BARKSDALE, CLEMENT, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Proceeding *pro se*, Roger Stiles (Stiles) and his wife Sharla Stiles (the Stileses) contest the summary judgment awarded to Tenet Hospitals Limited d/b/a Sierra Medical Center (SMC), dismissing their claimed violations of the Emergency Medical Treatment and Active Labor Act (EMTALA), 42 U.S.C. § 1395dd, during Stiles' visit to the SMC emergency room (ER) on 3 January 2008. They assert SMC failed to provide: an appropriate medical screening for Stiles,

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

pursuant to § 1395dd(a); and treatment stabilizing his condition prior to discharging him, pursuant to § 1395dd(b). They also assert a theory of liability based on negligence *per se,* related to SMC's claimed EMTALA violations.

A summary judgment is reviewed *de novo*, applying the same standard as the district court. *E.g.*, *Nickell v. Beau View of Biloxi, L.L.C.*, 636 F.3d 752, 754 (5th Cir. 2011). A "court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law". FED. R. CIV. P. 56(a). "Satisfying this initial burden shifts the burden to the non-moving party to produce evidence of the existence of a [genuine dispute of] material . . . fact requiring a trial." *Wesley v. General Drivers, Warehousemen and Helpers Local 745*, 660 F.3d 211, 213 (5th Cir. 2011) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986)); *see also* FED. R. CIV. P. 56(c)(1). "A dispute is genuine if the summary judgment 'evidence is such that a reasonable jury could return a verdict for the' non-movant." *Nickell*, 636 F.3d at 754 (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).

The summary-judgment evidence shows Stiles went to the SMC ER on 24 December 2007, and was found to be suffering from a subdural hematoma. Surgery was performed, and he was discharged on 30 December 2007. On 3 January 2008, he returned to the ER complaining primarily of a severe headache. After various medical tests were performed, his condition was determined to be non-emergent; he was discharged. The next day, his condition worsened. He was taken to an emergency room at another hospital, where it was determined the surgical site was infected.

Under EMTALA, when an individual presents at a hospital emergency room requesting treatment of a medical condition, "the hospital must provide for an *appropriate medical screening examination* within the capability of the hospital's emergency department . . . to determine whether . . . an emergency medical condition . . . exists". 42 U.S.C. § 1395dd(a) (emphasis added); *see also*

42 U.S.C. § 1395dd(e)(1)(A) ("emergency medical condition" exists where lack of treatment likely to result in serious risk to health, impairment of bodily function, or dysfunction of body part).  And, if the screening reveals such a condition, the individual must be provided with stabilizing treatment and conditions are imposed on the transfer of the individual to another medical facility.  42 U.S.C. § 1395dd(b) & (c); *see also Battle ex rel. Battle v. Memorial Hosp. at Gulfport*, 228 F.3d 544, 557-59 (5th Cir. 2000) (discussing and applying EMTALA requirements).  A private right of action is provided for individuals who suffer harm directly resulting from a participating hospital's EMTALA violation.  42 U.S.C. § 1395dd(d)(2)(A).

EMTALA was enacted to prevent "'patient dumping,' which is the practice of refusing to treat patients who are unable to pay".  *Marshall ex rel. Marshall v. East Carroll Parish Hosp. Serv. Dist.*, 134 F.3d 319, 322 (5th Cir. 1998).  It "was not intended to be used as a federal malpractice statute".  *Id.*  "Accordingly, an EMTALA 'appropriate medical screening examination' is not judged by its proficiency in accurately diagnosing the patient's illness, but rather by whether it was performed equitably in comparison to other patients with similar symptoms." *Id.* (citations omitted).  If an appropriate screening is provided and the patient's condition is determined to be non-emergent, the hospital is not liable under EMTALA, even in the event of a misdiagnosis that would subject a provider to liability in a malpractice action under state law.  *Id.*  An EMTALA violation can be shown by demonstrating, *inter alia*, that a hospital did not follow its own screening procedures.  *Battle*, 228 F.3d at 558.

To avoid summary judgment on their inadequate-screening claim, the Stileses were required to present evidence showing a genuine dispute of material fact on whether SMC provided an EMTALA-appropriate medical screening examination. *E.g., Marshall*, 134 F.3d at 323.  On the improper-discharge claim, they had to show such a genuine dispute on whether SMC personnel had *actual knowledge* that Stiles was suffering from an emergency medical condition and,

No. 11-50882

if so, that he was not stabilized prior to discharge. *Battle*, 228 F.3d at 558-59. The duty to stabilize does not arise merely because the hospital "should have" or "could have" discovered the emergency condition. *See id.*

Because the Stileses are proceeding *pro se*, our court holds their briefs to a less stringent standard than those of parties represented by counsel. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). They contend genuine disputes of material fact preclude summary judgment.

With respect to their inadequate-screening claim, they contend: (1) the screening on 3 January 2008 violated EMTALA because it "failed to include an appropriate medical history, an appropriate physical examination, appropriate radiological studies and appropriate consultation with specialists on-call for the emergency department"; (2) the results of a blood test performed that day, showing an elevated white blood cell count, should have been communicated to Stiles and should have led ER personnel to investigate his condition further; (3) Stiles was triaged improperly by a nurse as having a non-emergent condition; (4) there remains an unresolved question of fact whether Stiles was examined by a physician; (5) "[o]ther patients who had undergone recent surgery would have been examined by the neurosurgeon or similarly trained individual or at least a physician"; and (6) Stiles received disparate treatment because the screening during his first ER visit was more extensive than during his second.

With respect to their failure-to-stabilize claim, appellants contend: (1) Stiles' surgeon should have been consulted when Stiles presented in the ER soon after his surgery; (2) Stiles' complaint of swelling, coupled with an elevated white blood cell count, strongly indicated infection and, therefore, Stiles suffered from an emergent condition; and (3) Stiles should have been kept in the hospital for a prolonged period of observation or examination by a neurosurgeon prior to discharge.

SMC's EMTALA policy provides: "A qualified medical person will provide a *medical screening examination* to any individual who presents to the facility

4

requesting examination and treatment for an emergency condition." (Emphasis added.)  SMC's triage-assessment policy provides:  "All individuals who come to the hospital and request examination or treatment will be promptly assessed by a qualified nurse *to determine the appropriate order in which the individual will receive a medical screening examination* based on the acuity of the individual's presenting complaint." (Emphasis added.)  SMC's EMTALA policy defines the term "medical screening examination" as "the screening process required to determine with reasonable clinical confidence whether an emergency medical condition does or does not exist".  Therefore, the triage assessment is not the "medical screening examination", but is preliminary to that examination.  Accordingly, whether SMC violated its policy by classifying Stiles' condition as non-emergent when he was triaged is not material to appellants' EMTALA claim.

The Stileses do not dispute that an ER physician personally examined Stiles' test results and made the determination that Stiles' condition was non-emergent.  SMC's EMTALA policy required the physician to "determine whether . . . an emergency medical condition exist[ed]"–which the physician did.  The policy does not specify that, in doing so, the physician was required to physically examine the patient rather than rely on the observations of a nurse.  And, contrary to the Stileses' assertion, SMC's EMTALA policy does not require post-surgical patients being examined by their surgeon or a "similarly trained individual".  The Stileses have not shown a genuine dispute of material fact on whether SMC failed to follow its policy by failing to provide such an examination.  Thus, they have not shown the district court erred in concluding the disputed fact on whether Stiles was physically examined by a physician was immaterial. SMC's EMTALA policy did not require physical examination by a physician, and the Stileses did not show other similarly situated patients had received such an examination.

Nor have they shown the district court erred in deciding that Stiles' having received a more thorough examination during his first visit to the ER failed to demonstrate a genuine dispute of material fact on whether he received disparate treatment during the second.  Stiles was found to have an emergent condition during the first visit but his condition was deemed non-emergent during the second, meaning the two visits are not comparisons of SMC's treatment of "patients with similar symptoms".  *Marshall*, 134 F.3d at 322.

Whether the ER physician breached a standard of care in failing to physically examine Stiles, or was otherwise negligent in determining he did not have an emergent condition, is not material to the Stileses' EMTALA claim.  *Id.* at 322-23.  That inquiry would be relevant only in a state-law malpractice or negligence claim, and EMTALA is not a federal version of such actions.  *Id.*

In their reply brief, the Stileses contend that, by complaining at the time of his discharge that his symptoms had worsened, Stiles had essentially presented for treatment a third time and should have been re-screened.  Because this issue was not asserted in their opening brief, it is not considered.  *See Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993).

Because the summary-judgment evidence reflects that the ER physician determined Stiles' condition was non-emergent, SMC did not have a duty under EMTALA to stabilize him prior to discharge.  *E.g., Battle*, 228 F.3d at 558 ("The duty to stabilize does not arise unless the hospital has actual knowledge that the patient has an unstabilized medical emergency.") (citing *Marshall*, 134 F.3d at 325).  The fact that Stiles told a nurse, as he was being discharged, that he was still in as much pain as when he arrived is immaterial; he had already been diagnosed, correctly or not, with a benign headache.  Pain alone cannot impute actual knowledge of an emergency medical situation to the hospital.  42 U.S.C. § 1395dd(e)(1).

Because the Stileses failed to establish the essential elements of their EMTALA claims, they cannot show the district court erred in granting summary

judgment against their state-law theory of liability of negligence *per se*, based on SMC's claimed failure to comply with EMTALA. *Supreme Beef Packers, Inc. v. Maddox*, 67 S.W.3d 453, 455 (Tex. App. 2002) ("Negligence *per se* is a concept whereby a legislatively imposed standard of conduct is adopted by the civil courts as defining the conduct of a reasonably prudent person."). Accordingly, we need not consider the district court's alternative holding that EMTALA is not a proper basis for a claim of negligence *per se* under Texas law.

Finally, in their reply brief, the Stileses contend the district court erred in refusing to appoint counsel as a guardian *ad litem* for Stiles. Again, because this issue was not raised in their opening brief, it is not considered. *Yohey*, 985 F.2d at 224-25.

AFFIRMED.