In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-18-00325-CV
_____

JULIO MIRANDA-LARA, Appellant

V.

CHAD REBERT AND SASHA GUERRERO, Appellees

On Appeal from the 58th District Court
Jefferson County, Texas
Trial Cause No. A-196,160

## MEMORANDUM OPINION

Appellant Julio Miranda-Lara appeals the trial court's judgment awarding Chad Rebert and Sasha Guerrero (the Reberts) damages incurred due to a car accident in 2014.[1, 2] In four issues, Miranda-Lara argues that the trial court erred when it allowed an officer to testify as to his opinions without evidence of expert knowledge, when it provided an instruction in its jury charge on negligence per se,

---

[1] Sasha Guerrero and Chad Rebert married after the accident.
[2] Sasha Guerrero Rebert has since settled her claims with Appellant and is no longer a party to this appeal.

and when it refused to submit Miranda-Lara's requested jury instructions regarding emergency and unavoidable accident. For the reasons explained below, we affirm the judgment of the trial court.

## I. Background[3]

The accident occurred on May 18, 2014, in Jefferson County on Highway 82, a two-lane roadway without a center turning lane. The Reberts were travelling on Highway 82, and Miranda-Lara was travelling behind the Reberts with at least one car between them. Miranda-Lara and another vehicle both attempted to simultaneously pass the Reberts' car on the left as the Reberts began a left turn. While the vehicle in front of Miranda-Lara avoided any contact with the Reberts' vehicle, Miranda-Lara collided with the Reberts' vehicle on the driver's side.

Testimony was disputed at trial as to whether the Reberts were traveling on Highway 82 when they attempted their left turn, or if the Reberts merged into traffic from the side of the road and suddenly stopped to turn left. The jury found Miranda-Lara to be solely negligent in the cause of the accident and ordered him to pay the Reberts personal injury damages, post judgment interest, and court costs. Miranda-Lara timely filed an appeal.

---

[3] As Miranda-Lara does not challenge the sufficiency of the evidence, we only recite the facts necessary for resolution of his appellate issues.

## II. Issue One

In his first issue, Miranda-Lara argues that despite his lack of training, observation or recollection, Officer Randy Daws, a patrol officer who investigated the accident and prepared the accident report, was permitted to testify regarding his opinion as to the cause of the accident. Miranda-Lara argues that Officer Daws did not have advanced training, and yet the trial court permitted the officer's opinion testimony as to the cause of the accident over Defendant's objection to his qualifications. Specifically, defense counsel lodged the following objection before trial, in a motion in limine:

> Defendant objects to the instruction of the police officer's opinion on the police report and his testimony based on the fact that he is not an expert, he's not been proven up as an expert, no CV has been provided. The Court should exclude his opinions which is both testimony and in the report because he's not qualified to give the opinion. The subject of his testimony is not specialized knowledge. His opinion is not reliable. The underlying facts of the expert's opinion do not provide a sufficient basis for the opinion; and the probative value of the opinion is substantially outweighed by the danger of unfair prejudice, confusion, or delay. I have cited the Beaumont case of *Brown vs. Masco* that states the officer should not be allowed to testify as to his opinion as to the cause of the accident until the Court, out of the presence of the jury, makes its ruling as to whether he is qualified to give such an opinion. The Court goes on to say that just being a traffic accident officer and even investigating hundreds of accidents does not qualify you to give this opinion. He certainly has no reconstruction opinion, and that -- the officer stating who caused the accident is an expert opinion and should be excluded. And the Court found that the testimony of the officer was reasonably calculated to and probably did cause the rendition of an improper judgment.

The trial court overruled the objection and ruled that Officer Daws could testify as a lay witness.

To preserve an issue for appellate review, a party must make a timely, specific objection and obtain a ruling on that objection. Tex. R. App. P. 33.1(a). The general rule is that error in the admission of testimony "is deemed harmless and is waived if the objecting party subsequently permits the same or similar evidence to be introduced without objection." *Volkswagen of Am., Inc. v. Ramirez*, 159 S.W.3d 897, 907 (Tex. 2004).

It is well established that "a trial court's ruling on a motion in limine does not preserve error." *Prati v. New Prime, Inc.*, 949 S.W.2d 552, 555 (Tex. App.—Amarillo 1997, writ denied). One way a party may satisfy Rule 33.1(a) is by making a running objection. *See Atkinson Gas Co. v. Albrecht*, 878 S.W.2d 236, 242–43 (Tex. App.—Corpus Christi 1994, writ denied); *Commerce, Crowdus & Canton, Ltd. v. DKS Constr., Inc.*, 776 S.W.2d 615, 620 (Tex. App.—Dallas 1989, no writ).

Miranda-Lara sought to exclude the police report of the accident and the officer's testimony through a motion in limine.[4] After hearing arguments from both sides, the trial court overruled Miranda-Lara's motion in limine and allowed the officer to testify as a lay witness. Miranda-Lara was required to repeat his objections

---

[4] Miranda-Lara specified at the conclusion of the testimony, after the jury was dismissed for the day, that he was objecting to the officer's testimony and not the admissibility of the police report.

or obtain a running objection from the court regarding the unacceptable evidence that made clear the scope of the objection. *Compare with U-Haul Int'l, Inc. v. Waldrip*, 380 S.W.3d 118, 131–132 (Tex. 2012) (stating that although the trial court denied a running objection, the appellant "timely objected" a total of 12 times on the grounds of relevance, hearsay, and lack of similarity through the witnesses direct examination, properly preserving error for appellate review). Generally, if an objecting party subsequently permits the same or similar evidence to be introduced at trial, the party waives error and the testimony is deemed harmless. *Volkswagen*, 159 S.W.3d at 907; *Atkinson*, 878 S.W.2d at 242. Miranda-Lara did not request a running objection. Officer Daws was allowed to testify repeatedly without objection that Miranda-Lara was passing unsafely on the left and caused the accident. Accordingly, we conclude that Miranda-Lara failed to timely object to the evidence and, therefore, failed to preserve error. We do not reach Appellant's first issue.

## IV. Issues Two, Three, and Four: Jury Charge

### A. Standard of Review

"The [trial] court shall submit such instructions and definitions as shall be proper to enable the jury to render a verdict." Tex. R. Civ. P. 277. We review a trial court's decision to include or refuse instructions and definitions in the jury charge for an abuse of discretion. *See Shupe v. Lingafelter*, 192 S.W.3d 577, 579 (Tex. 2006). If we determine the trial court abused its discretion by including or refusing

instructions, we must then review the entire record to determine if that error was harmful, i.e., probably caused the rendition of an improper verdict. *See* Tex. R. App. P. 44.1(a); *Thota v. Young*, 366 S.W.3d 678, 694 (Tex. 2012).

## B. Inferential Rebuttal[5]

At trial, Miranda-Lara requested the inferential rebuttal definitions for emergency and unavoidable accident and complains on appeal that the trial court erred by refusing to include those instructions. If the evidence raises the issue, the instruction is proper. *See Louisiana-Pacific Corp. v. Knighten*, 976 S.W.2d 674, 676 (Tex. 1998). Both unavoidable accident and emergency are considered inferential rebuttal instructions. *See Dillard v. Tex. Elec. Co-op.*, 157 S.W.3d 429, 432 (Tex. 2005). Inferential rebuttal instructions are given to advise jurors that they do not have to find a party to the suit at fault if evidence shows that conditions beyond the party's control caused the accident or that the conduct of a non-party to the litigation caused it. *Id.*; *Reinhart v. Young*, 906 S.W.2d 471, 472 (Tex. 1995). An unavoidable accident is one not proximately caused by the negligence of any party to it and is often used to address the causal effect of some outside weather condition or obstruction of view. *See Reinhart*, 906 S.W.2d at 472. A sudden emergency

---

[5] We address the jury charge issues out of order for purposes of clarity and conciseness.

instruction is when the occurrence is caused by something other than the defendant's negligence and arises suddenly. *Dillard*, 157 S.W.3d at 432.

In the present case, Miranda-Lara testified that the collision occurred as he passed on the left and Mr. Rebert attempted to turn left. He also testified that he "believe[d] 100 percent that it was [Mr. Rebert's] fault." Miranda-Lara asserts in his brief that there was evidence that "Rebert caused the accident by pulling onto the road from the side of the road ahead of traffic, causing cars to have to abruptly brake."[6] However, all of this testimony goes to the contributory negligence of Rebert, a party to the litigation, and not the inferential rebuttal instructions of unavoidable accident or sudden emergency. *See Dillard*, 157 S.W.3d at 432; *Reinhart*, 906 S.W.2d at 472. Miranda-Lara never testified that Rebert pulling out from the right side of the road and braking abruptly created a condition he had to respond to which caused him to be in the left lane. He only testified that he did not see the truck until he hit him. Additionally, while a witness testified that Rebert pulled out into a lane of traffic and stopped suddenly to turn left, causing him to pass

---

[6] Appellant did not provide a record cite to this statement. We assume it is a reference to the testimony of witness John DeBrita where he describes Rebert's truck being on the side of the road right before the accident. DeBrita testified that Rebert put his blinker on, abruptly pulled into traffic, slammed on his brakes and attempted to turn left. This witness testified that there was a white car travelling in front of him, and when Rebert jumped into traffic, the white car slammed on its brakes but was able to stop in time to avoid a collision. DeBrita explained that he was afraid the white car was going to hit Rebert, and he wanted to avoid hitting Rebert also, so he passed on the left.

7

in the left lane to avoid colliding with Rebert, there was no evidence that such was the case for Miranda-Lara. In other words, simply because it may have been an emergency for the witness did not mean it was an emergency for Miranda-Lara. There was no evidence to indicate that this situation "require[d] immediate action" from Miranda-Lara "without time for deliberation."[7]

Here, the evidence at trial only raised the possibility of negligence by Miranda-Lara or Rebert, and therefore, it was unnecessary for the trial court to advise jurors that they did not have to blame a party to the suit through an inferential rebuttal instruction. The trial court did not abuse its discretion by refusing to include these inferential rebuttal instructions in the charge. We overrule issue four.

## C. Negligence Per Se

In issues two and three, Miranda-Lara contends the trial court erred by including the negligence per se instruction and that the trial court improperly included the actual statute which is not sanctioned by the Texas Pattern Jury Charge, specifically that the statute cross-references other statutory provisions that were not provided to the jury.

"Negligence per se is a tort concept whereby the civil courts adopt a legislatively imposed standard of conduct as defining the conduct of a reasonably

---

[7] Miranda-Lara's proposed charge to the court incorporated this language in the "sudden emergency" instruction.

prudent person." *Moughon v. Wolf*, 576 S.W.2d 603, 604 (Tex. 1978). "Where the Legislature has declared that a particular act shall not be done, it fixes a standard of reasonable care, and an unexcused violation of the statute constitutes negligence or contributory negligence as a matter of law." *Mo. Pac. R.R. Co. v. Am. Statesman*, 552 S.W.2d 99, 103 (Tex. 1977) (citation omitted). While all persons have a duty to obey the criminal law, not all criminal statutes provide a standard for civil liability. *See Carter v. William Sommerville & Son, Inc.*, 584 S.W.2d 274, 278 (Tex. 1979). Texas courts only impose civil liability based on a criminal statute when the statute provides an appropriate basis for doing so. *See Perry v. S.N.*, 973 S.W.2d 301, 305 (Tex. 1998).[8]

> To establish negligence per se, a plaintiff must prove: (1) the defendant's act or omission is in violation of a statute or ordinance; (2) the injured person was within the class of persons which the ordinance was designed to protect; and (3) the defendant's act or omission proximately caused the injury.

---

[8] In explaining negligence per se, the *Perry* court provided the following factors to consider:

> (1) whether the statute is the sole source of any tort duty from the defendant to the plaintiff or merely supplies a standard of conduct for an existing common law duty; (2) whether the statute puts the public on notice by clearly defining the required conduct; (3) whether the statute would impose liability without fault; (4) whether negligence per se would result in ruinous damages disproportionate to the seriousness of the statutory violation, particularly if the liability would fall on a broad and wide range of collateral wrongdoers; and (5) whether the plaintiff's injury is a direct or indirect result of the violation of the statute.

*Perry v. S.N.*, 973 S.W.2d 301, 309 (Tex. 1998)).

9

*Lopez-Juarez v. Kelley*, 348 S.W.3d 10, 27 (Tex. App.—Texarkana 2011, pet. denied) (quoting *Ambrosio v. Carter's Shooting Ctr. Inc.*, 20 S.W.3d 262, 265 (Tex. App.—Houston [14th Dist.] 2011, pet. denied.)). "A statute that creates an absolute duty may be appropriate for negligence per se because the statutory duty supplants the common law duty of ordinary care." *Babiy v. Kelley*, No. 05-17-01122-CV, 2019 WL 1198392, at *3 (Tex. App.—Dallas Mar. 14, 2019, no pet) (mem. op.) (citing *Supreme Beef Packers, Inc. v. Maddox*, 67 S.W.3d 453, 455 (Tex. App.—Texarkana 2002, pet. denied)). But, if a statute imposes a conditional duty, and not an absolute duty, a violation of the statute does not result in negligence per se. *Id*.

The jury charge contained the following language:

Definitions

"Negligence," means failure to use ordinary care, that is, failing to do that which a person of ordinary prudence would have done under the same or similar circumstances or doing that which an ordinary person or ordinary prudence would not have done under the same or similar circumstances.

The law states as follows as to passing a vehicle on the left. Failure to comply with the law is negligence in itself. Tex. Trans. Code, 545.054

[. . .]

"Negligence per se is a common-law doctrine in which a duty is imposed based on a standard of conduct created by a penal statute rather than on the reasonably prudent person test used in pure negligence claims." *Ridgecrest Ret. &*

10

*Healthcare v. Urban*, 135 S.W.3d 757, 762 (Tex. App.—Houston [1st Dist.] 2004, pet. denied) (citation omitted). Our sister court in *Supreme Beef Packers* explained that for a jury instruction regarding negligence per se to be appropriate, the violation must not leave any room for the driver to make a discretionary call. 67 S.W.3d at 456. "For example, when a statute requires a person to exercise his or her judgment, as when a driver should proceed only when it is safe to do so, the statute reflects a standard of care that is no different from the ordinarily prudent person standard." *Id.* "But if the statute requires all persons to stop in obedience to a red flashing light at an intersection, the statute clearly defines the prohibited conduct, leaving the driver no discretion or room for the exercise of judgment, and it is therefore a standard of conduct statute." *Id.*

While there is a general ordinary care standard for all motorists to keep a safe distance and be alert and aware of their surroundings and other vehicles, sections 545.053–545.056 of the Texas Transportation Code specifically address a motorist's duty while attempting to pass in the left lane.

> **Sec. 545.053. PASSING TO THE LEFT; RETURN; BEING PASSED.**
> (a) An operator passing another vehicle:
>> (1) shall pass to the left of the other vehicle at a safe distance; and
>> (2) may not move back to the right side of the roadway until safely clear of the passed vehicle.

(b) An operator being passed by another vehicle:
> (1) shall, on audible signal, move or remain to the right in favor of the passing vehicle; and
> (2) may not accelerate until completely passed by the passing vehicle.

(c) Subsection (b) does not apply when passing to the right is permitted.

## SEC. 545.054. PASSING TO THE LEFT: SAFE DISTANCE.

(a) An operator may not drive on the left side of the center of the roadway in passing another vehicle unless:
> (1) driving on the left side of the center of the roadway is authorized by this subtitle; and
> (2) the left side is clearly visible and free of approaching traffic for a distance sufficient to permit passing without interfering with the operation of the passed vehicle or a vehicle approaching from the opposite direction.

(b) An operator passing another vehicle shall return to an authorized lane of travel:
> (1) before coming within 200 feet of an approaching vehicle, if a lane authorized for vehicles approaching from the opposite direction is used in passing; or otherwise
> (2) as soon as practicable.

## SEC. 545.055. PASSING TO THE LEFT: PASSING ZONES.

(a) An operator shall obey the directions of a sign or marking in Subsection (c) or (d) if the sign or marking is in place and clearly visible to an ordinarily observant person.

(b) An operator may not drive on the left side of the roadway in a no-passing zone or on the left side of any pavement striping designed to mark a no-passing zone. This subsection does not prohibit a driver from crossing pavement striping, or the center line in a no-passing zone marked by signs only, to make a left turn into or out of an alley or private road or driveway.

(c) The Texas Transportation Commission, on a state highway under the jurisdiction of the commission, may:

(1) determine those portions of the highway where passing or driving to the left of the roadway would be especially hazardous; and

(2) show the beginning and end of each no-passing zone by appropriate signs or markings on the roadway.

(d) A local authority, on a highway under the jurisdiction of the local authority, may:

(1) determine those portions of the highway where passing or driving to the left of the roadway would be especially hazardous; and

(2) show the beginning and end of each no-passing zone by appropriate signs or markings on the roadway.

Tex. Transp. Code Ann. §§ 545.053–055.

Miranda-Lara argues that sections 545.053–545.055 do not impose any additional duties beyond ordinary care, and we agree. Specifically, section 545.054(a)(2) imposes a conditional rather than absolute duty. *See London v. Bergeron*, 398 S.W.2d 297, 301 (Tex. App.—Beaumont 1966, writ ref'd n.r.e.) ("The statutory duty to yield the right-of-way is not absolute, but is conditional."); *see also Lewis v. Murphy*, No. 06-06-00107-CV, 2007 WL 1518207, at *2 (Tex. App.—Texarkana May 25, 2007, no pet.) (mem. op). Therefore, a jury is required to determine as a matter of fact, not law, whether a motorist was negligent when he attempted to pass in the left lane. *Waring v. Wommack,* 945 S.W.2d 889, 891–92 (Tex. App.—Austin 1997, no writ) (explaining that statute requiring a motorist to yield to passing vehicles before turning did not impose "an absolute duty that required better judgment than that exercised by a reasonably prudent person");

13

*Ordonez v. M.W. McCurdy & Co.*, 984 S.W.2d 264, 269 (Tex. App.—Houston [1st Dist.] 1998, no pet.) ("If . . . the statute imposes a duty that is not absolute, but, rather, is conditioned upon a finding that the violator failed to act 'safely' or 'prudently,' a violation of the statute does not constitute negligence per se. For these statutes, the 'reasonable person' standard of common-law negligence is read into the statute, thus requiring the jury to determine, as a matter of fact, whether the motorist acted as a reasonably prudent person would have under the same or similar circumstances"); *compare with Supreme Beef Packers*, 67 S.W.3d at 456 (citations omitted) (outlining various moving violations that amount to negligence per se including driving on the wrong side of the road and failing to stop at a railroad crossing when a train is approaching). Any violation of section 545.045 does not establish that Miranda-Lara was negligent as a matter of law, but is to be used in consideration with other factors, and "the violation should merely be considered in determining, as a matter of fact, whether the conduct of a motorist is negligent under the common-law standard of the reasonably prudent man." *Lewis*, 2007 WL 1518207, at \*2. Accordingly, we conclude the trial court abused its discretion by including the negligence per se instruction.

**D. Harm Analysis**

"An incorrect jury instruction requires reversal only if it 'was reasonably calculated to and probably did cause the rendition of an improper judgment.'" *Bed,*

*Bath & Beyond, Inc. v. Urista*, 211 S.W.3d 753, 757 (Tex. 2006) (quoting *Reinhart*, 906 S.W.2d at 473; Tex. R. App. P. 61(a)); *see also Thota*, 366 S.W.3d at 694. In this analysis, we examine the entire record to determine if the improper instruction probably caused an improper judgment. *Urista*, 211 S.W.3d at 757. In the present case, the trial court's inclusion of the negligence per se instruction constituted an abuse of discretion; however, it was not harmful. To determine if the error constituted reversible harm, we examine the record in its entirety and must be able to conclude that the error probably caused the rendition of an improper verdict. *See id.*; Tex. R. App. P. 44.1(a).

In addition to the improper negligence per se standard of care, the charge also instructed the jury on ordinary care and defined negligence as the "failure to use ordinary care." The charge informed the jury there could be more than one proximate cause of an occurrence or injury. The broad form submission question regarding the single liability theory of negligence provided separate blanks for Miranda-Lara and Mr. Rebert. The jury concluded only Miranda-Lara's negligence proximately caused the accident. Although we cannot determine the standard of care under which the jury found Miranda-Lara negligent, we conclude the evidence supports the jury's negligence finding under the ordinary care standard. Specifically, we point to Miranda-Lara's own testimony in which he admitted he attempted to pass in the left lane because the truck in front of him did so even though he could not see oncoming

15

traffic in front of the truck he was following. A reasonable jury could conclude from this record that Miranda-Lara's conduct violated the standard of ordinary care, which the charge defined as "that degree of care that would be used by a person of ordinary prudence under the same or similar circumstances."

Although Miranda-Lara complains that the trial court admonished the jury not to conduct any research and follow its instructions on the law and that by failing to include situations in which driving left of center is authorized, the jury was left with the impression that nothing relevant authorized driving left of center. We disagree. There was no evidence adduced at trial that would have authorized Miranda-Lara driving left of center when he admittedly could not see oncoming traffic in front of him beyond the truck that he was following as both vehicles were attempting to pass simultaneously.

Because we cannot conclude that the improper inclusion of the negligence per se instruction probably caused the rendition of an improper verdict, it did not constitute harmful error. *See* Tex. R. App. P. 44.1(a); *Urista*, 211 S.W.3d at 757. We overrule Miranda-Lara's second and third issues.

## IV. Conclusion

Having found that Miranda-Lara failed to preserve error in his first issue and having overruled all other issues, we affirm the judgment of the trial court.

AFFIRMED.

16

_____
CHARLES KREGER
Justice

Submitted on December 9, 2019
Opinion Delivered August 31, 2020

Before McKeithen, C.J., Kreger and Johnson, JJ.