Terry **FREUDIGER** and Wife, Michelle Freudiger, Appellants,

v.

Jonathan Wesley **KELLER** and Grocery Supply Company, Appellees.

No. 06–02–00016–CV.

Court of Appeals of Texas, Texarkana.

Submitted Dec. 12, 2002.

Decided April 18, 2003.

Robert D. Bennett, Matthew R. Patton IV, Robert D. Bennett & Associates, PC, Gilmer, for appellants.

John R. Mercy, Jeffrey C. Elliott, Mercy, Carter, Tidwell & Elliott, LLP, Texarkana, for appellees.

Before MORRISS, C.J., ROSS, and GRANT,* JJ.

## OPINION

Opinion by Justice BEN Z. GRANT (Retired).

On November 23, 1999, Terry Freudiger was driving in Marshall, Texas, when he rear-ended a commercial delivery truck being driven by Jonathan Wesley Keller for Grocery Supply Company. In a single point of error, Terry Freudiger and wife, Michelle Freudiger, appeal the trial court's denial of the Freudigers' request to submit a special instruction to the jury regarding negligence per se. The jury's findings have not been challenged on appeal.

We review the denial of a requested instruction for abuse of discretion. *Louisiana–Pacific Corp. v. Knighten,* 976 S.W.2d 674, 676 (Tex.1998). The trial court has broad latitude in determining necessary and proper jury instructions. *Id.* We reverse only if, in light of the pleadings, evidence, and the entire jury

---

* Ben Z. Grant, Justice, Retired, Sitting by Assignment

charge, the error amounted to such a denial of the complaining party's rights as was reasonably calculated to cause, and probably did cause, rendition of an improper judgment. *Island Recreational Dev. Corp. v. Republic of Tex. Sav. Ass'n,* 710 S.W.2d 551, 555 (Tex.1986).

The evidence at trial showed that it had rained at the scene before the accident and that the accident occurred near the crest of a small hill on U.S. Highway 80 in Marshall, Texas. Keller had stopped his truck in the roadway and was preparing to back the truck into a grocery store parking lot. Shortly thereafter, Terry Freudiger crested the hill and ran into Keller's truck. In their petition, the Freudigers alleged the accident was unavoidable because Terry did not have sufficient warning of the stopped commercial vehicle. The Freudigers sought recovery from Keller and Grocery Supply Company under theories of negligence and negligence per se for Terry's injuries resulting from the wreck.

At trial, the Freudigers requested the following instruction:

> You are instructed that the law required that extreme caution be used in operating a commercial motor vehicle when hazardous conditions, such as mist or rain, adversely affect visibility or traction.

> "Commercial Motor Vehicle" means a motor vehicle or combination of motor vehicles used in commerce to transport passengers or property if the motor vehicle—

> (1) Has a gross combination weight rating of 11,794 or more kilograms (26,001 or more pounds) inclusive of a towed unit with a gross vehicle weight rating of more than 4,536 kilograms (10,000 pounds); or

> (2) Has a gross vehicle weight rating of 11,794 or more kilograms (26,001 or more pounds).

> A failure to comply with the law is negligence in itself.

The trial court denied the Fruedigers' request. The jury found Terry was solely negligent for causing the accident.

### Analysis

 Negligence per se is a concept adopted by civil courts in which a duty is based on a standard of conduct created by a statute rather than on the reasonably prudent person test used in pure negligence claims. *Smith v. Merritt,* 940 S.W.2d 602, 607 (Tex.1997); *Supreme Beef Packers, Inc. v. Maddox,* 67 S.W.3d 453, 455 (Tex.App.-Texarkana 2002, pet. denied). Thus, a tortfeasor's violation of a statute may lead to liability for negligence per se. Examples of negligence per se causes of action arise in the area of traffic regulations. *Carter v. William Sommerville & Son, Inc.,* 584 S.W.2d 274, 278 (Tex.1979). Civil courts have held that a tortfeasor who drives on the wrong side of the road may be negligent per se because the Legislature passed a law requiring all motorists in Texas to drive on the right side of the road. *L.M.B. Corp. v. Gurecky,* 501 S.W.2d 300, 301–03 (Tex.1973) (citing former TEX. CIV. STAT. ANN. art. 6701d, § 52 (Vernon Supp.1973)). A motorist who fails to stop at a stop sign may be negligent per se. *Sheppard v. Judkins,* 476 S.W.2d 102, 109–10 (Tex.Civ.App.-Texarkana 1971, writ ref'd n.r.e.). And a motorist in Texas who fails to stop at a railroad crossing when a train is approaching may be found negligent per se. *S. Pac. Co. v. Castro,* 493 S.W.2d 491 (Tex.1973). Similarly, a violation of an administrative regulation may also give rise to a negligence per se claim if the regulation has been adopted by the court as defining the standard of care of a reasonable person. *Cont'l Oil Co. v.*

*Simpson,* 604 S.W.2d 530, 534 (Tex.Civ. App.-Amarillo 1980, writ ref'd n.r.e.) (citing RESTATEMENT (SECOND) OF TORTS § 288B (1965)). However, the fact that the Legislature adopts a statute-particularly one that defines criminal conduct-does not mean courts in civil cases must accept it as the standard for civil liability. *Merritt,* 940 S.W.2d at 607; *Carter,* 584 S.W.2d at 278.

▮▮▮ When the issue is negligence per se, a jury is not asked whether the alleged tortfeasor acted reasonably (see example: COMM. ON PATTERN JURY CHARGES, STATE BAR OF TEX., TEXAS PATTERN JURY CHARGES PJC 5.1 (2002)). Instead, if no excuse is raised, the jury's sole inquiry is whether the defendant violated the statute at issue and, if so, whether the violation proximately caused the plaintiff's injuries. *Maddox,* 67 S.W.3d at 455–56.

> Where a statute incorporates the ordinarily prudent person standard, negligence per se does not apply because the statute does not establish a specific standard of conduct different from the common-law standard of ordinary care. In those cases, "it is redundant to submit a question on the statutory standard or to instruct the jury regarding it, and the negligence per se standard is subsumed under the broad-form negligence question."

*Id.* at 456 (quoting *Smith v. Cent. Freight Lines, Inc.,* 774 S.W.2d 411, 413–15 (Tex. App.-Houston [14th Dist.] 1989, writ denied)).

▮▮▮ In this case, the Freudigers contend the trial court should have submitted the requested special instruction because the proposed instruction was based on a mandatory federal regulation that has been adopted by the Texas Department of Public Safety. The relevant federal regulation states

Extreme caution in the operation of a commercial motor vehicle shall be exercised when hazardous conditions, such as those caused by snow, ice, sleet, fog, mist, rain, dust, or smoke, adversely affect visibility or traction. Speed shall be reduced when such conditions exist. If conditions become sufficiently dangerous, the operation of the commercial motor vehicle shall be discontinued and shall not be resumed until the commercial motor vehicle can be safely operated. Whenever compliance with the foregoing provisions of this rule increases hazard to passengers, the commercial motor vehicle may be operated to the nearest point at which the safety of passengers is assured.

Federal Motor Carrier Safety Regulations, 49 C.F.R. § 392.14 (1995). The director of the Texas Department of Public Safety has adopted this federal regulation as part of the Texas Department of Transportation's own rules concerning the operation of commercial motor vehicles. 37 TEX. ADMIN. CODE ANN. § 3.62(a) (2002) (Tex. Dep't of Safety, Regulations Governing Transportation Safety).

Because it was raining at the time of this accident or because it had been raining shortly before the accident, the Freudigers contend Keller, as a commercial truck driver, owed a higher duty of care in the operation of his vehicle. According to the Freudigers, Keller failed to meet this duty because Keller's truck was completely stopped in the roadway, because there were no warning flares or flags warning motorists of the stopped truck ahead, and because Keller's failure to use "extreme caution" was negligence per se.

▮▮▮ We find no Texas caselaw that states the federal regulation at issue here creates a special standard of care. In their brief, the Freudigers cite no authority for such a proposition. The genesis of a

negligence per se cause of action must come from a court's finding in a civil case that a statutory or regulatory enactment creates a special standard of care. *Merritt*, 940 S.W.2d at 607. In this case, we have neither a legislative enactment nor a finding by a court in a civil case that the regulation creates a special standard of care. The trial court did not err by denying the Freudigers' requested charge.

We affirm the trial court's judgment.