ACCEPTED
01-15-00191-cv
FIRST COURT OF APPEALS
HOUSTON, TEXAS
8/17/2015 10:19:08 PM
CHRISTOPHER PRINE
CLERK

CASE NO. 01-15-00191-CV

IN THE UNITED STATES FIRST COURT OF APPEALS

FILED IN
1st COURT OF APPEALS
HOUSTON, TEXAS
8/17/2015 10:19:08 PM
CHRISTOPHER A. PRINE
Clerk

**KENDRICK DONAHOE**
Plaintiff - Appellant
V.
**DANNY JONES**
Defendant - Appellee

ON APPEAL FROM THE 268TH JUDICIAL DISTRICT COURT
FORT BEND COUNTY, TEXAS

BRIEF OF APPELLANT

SARAH S. DOEZEMA
TBX#24063259
3607 Old Spanish Trail, Suite E
Houston, Texas 77021
713.492.2460 (Tel)
713.904.2434 (Fax)
Sarah@Doezemalaw.com

ATTORNEY FOR APPELLANT
KENDRICK DONAHOE

1

# CERTIFICATE OF INTERESTED PERSONS

**Case No. 01-15-00191-CV***; Kendrick Donahoe v. Danny Jones*

The undersigned counsel of record certifies that the following listed persons and entities have an interest in the outcome of this case. These representations are made in order that the judges of this Court may evaluate possible disqualification or recusal.

**Appellant:**
**Kendrick Donahoe**

**Appellant's Counsel:**
**SARAH S. DOEZEMA**
**3607 Old Spanish Trail, Suite E**
**Houston, Texas 77021**


**Appellee:**
**Danny Jones**

**Appellee's Counsel:**
**Clara Toman**
**David Black & Associates**
**1221 Lama, Suite 900**
**Houston, Texas 77010**

/S/ Sarah S. Doezema

**SARAH S. DOEZEMA**

# TABLE OF CONTENTS

Certificate of Interested Persons ................................................................2

Table of Contents ................................................................3

Index of Authorities ................................................................4

Statement Regarding Oral Argument ................................................................5

Statement of Jurisdiction................................................................5

Statement of Issues................................................................6

Statement of the Case................................................................7

Statement of Facts................................................................7,8,9

Summary of Argument ................................................................10

Conclusion and Prayer ................................................................15

Certificate of Service ................................................................16

Certificate of Compliance ................................................................16

# INDEX OF AUTHORITIES

**Case**
**Page(s)**

*John Masek Corp. v. Davis*
   848 S.W.2d 170, 173 (Tex. App.—Houston [1st Dist.] 1992, writ denied).15
*Gallas v. Car Biz, Inc.*
   914 S.W.2d 592, 593 (Tex. App.—Dallas 1995, writ denied)…………......15

*Fort Bend Cnty. Drainage Dist. v. Sbrusch*
   818 S.W.2d 392, 394 (Tex. 1991)………………………………………..12

*Freudiger v. Keller*
   104 S.W.3d 294 (Tex. App. 2003)………………………………….....13

*TRT Dev. Co.-KC v. Meyers*
   15 S.W.3d 281, 285 (Tex. App.—Corpus Christi 2000, no pet.)………….15

*Tiller v. McLure*
   121 S.W.3d 709, 713 (Tex. 2003)……………………….………...15

*Wal-Mart Stores, Inc. v. Miller*
   102 S.W.3d 706, 709 (Tex. 2003)……………………………………15

**Statutes, Rules and Regulations**

   28 U.S.C. §129………………………………………………..5

   Tex. Transp. Code § 545.351…………………………………..5,13

   Tex. R. Civ. P. 301…………………………………………12, 15

**IN THE FIRST COURT OF APPEALS**
**HOUSTON TEXAS DIVISION**

| KENDRICK DONAHOE, | § | |
| | § | |
| *Appellant.* | § | |
| | § | |
| v. | § | **Cause No. 01-15-00191-CV** |
| | § | |
| DANNY JONES, | § | |
| | § | |
| *Appellee.* | § | |

## STATEMENT REGARDING ORAL ARGUMENT

Kendrick Donahoe ("Donahoe") requests oral argument in this appeal. Oral argument may be helpful to the Court because this appeal involves a matter of first impression in the First Court of Appeals.

## STATEMENT OF JURISDICTION

1.      Donahoe originally filed this case in the 268th Judicial District Court of Fort Bend County, Texas (D.C. Doc. 1-2). Danny Jones is a citizen of Texas and Donahoe is a citizen of Texas.   Therefore, jurisdiction is proper.

2.      This Court has appellate jurisdiction under 28 U.S.C. §1291.

3.      The district court entered a Final Judgment, dated February 13, 2015. Donahoe timely filed a notice of appeal on February 27, 2015.

# STATEMENT OF ISSUES

## ISSUE ONE

THE TRIAL COURT ERRED BY DENYING DONAHOE'S MOTION FOR DIRECTED VERDICT ON THE ISSUE OF LIABILITY, JONES HAD NO DEFENSES.

## ISSUE TWO

THE TRIAL COURT ERRED AS A MATTER OF LAW BY DENYING PLANITIFFS JURY INSTRUCTION REQUEST OF "THE VIOLATION OF A TRAFFIC LAW IS NEGLIGENCE IN ITSELF."

## ISSUE THREE

THE TRIAL COURT ERRED IN DENYING THE PLAINTIFFS MOTION FOR JUDGMENT NOTWITHSTANDING THE JURY VERDICT WHEN THE JURY VERDICT WAS CONTRARY TO THE CURRENT LAW AND THE FACTS PRESENTED IN DURING TRIAL.

## STATEMENT OF THE CASE

This is an appeal from suit that ended in a Jury Verdict against Appellant Donahoe's in a suit for Negligence against respondent which was originally filed in the 268th Judicial District Court.

## STATEMENT OF FACTS

1. In the Original Petition which was originally filed in State District Court, Donahue pled the facts which are stated below.

2. This action arose as a result of a motor vehicle accident that occurred on May 31, 2011, at 2234 Texas Parkway Stafford, Ft. Bend County, Texas. Plaintiff slowed down in preparation to turn right into the Tabs Direct parking lot on 2234 Texas Parkway safely.

3. Jones failed to control speed and struck Donahoe from the rear. Jones operated his vehicle with conscious indifference to other vehicles and pedestrians by simultaneously operating his vehicle and operating his mobile telephone. (Tex. Transp. Code § 545.351.)

4. Jones filed an answer with two defenses unavoidable accident and Sudden Emergency. During a trial on the merits Jones testified that he did not see Donahoe's vehicle, thus striking Donahoe in the rear. He further stated that he thought the accident was his fault and Mr. Donahoe's fault. Jones never denied

fault.

5. As a result of this crash, Plaintiff sustained injuries and damages.

6. All alleged facts were proven during the jury trial WITHOUT proof of any defense, justification or excuse.

## PROCEDURAL HISTORY

1. Donahoe filed the present action on April 18, 2013 (D.C. Doc. 1). The action was filed in the 268th Judicial District, Fort Bend County, Texas under Case No. 13-DCV-205778.

2. Jones filed his Answer on May 20, 2013 (D.C. Doc. 2) asserting Sudden Emergency defense and an Unavoidable accident defense.

3. The 268th District Court filed a Notice of Jury Trial on January 22, 2014.

4. Jury trial commenced on January 27, 2015.

5. A Directed Verdict was granted on the Sudden Emergency Defense. The facts of the case id not support an unavoidable accident defense. Since there was no allegation of a cause of the collision other than the negligence of the parties.

6. Jones was found not liable by jury verdict on January 28, 2015.

7. Donahoe filed a Motion for Judgment Notwithstanding the Verdict on February 9, 2015 (D.C. Doc. 62).

8.    Donahoe filed a Motion for New Trial on February 9, 2015. (D.C. Doc. 64).

9.    The Trial Court denied Donahoe's Motion for Judgment Notwithanding the Verdict on February 13, 2015 (D.C. Doc. 63).

10.    The Trial Court denied Donahoe's Motion for New Trial on February 13, 2015 (D.C. Doc. 67).

11.    Donahoe filed a Notice of Appeal on February 27, 2015 (D.C. Doc. 69).

# SUMMARY OF ARGUMENT

## ISSUE ONE

THE TRIAL COURT ERRED BY DENYING DONAHOE'S MOTION FOR DIRECTED VERDICT ON THE ISSUE OF LIABILITY, JONES HAD NO DEFENSES.

## ISSUE TWO

THE TRIAL COURT ERRED AS A MATTER OF LAW BY DENYING PLANITIFFS JURY INSTRUCTION REQUEST OF "THE VIOLATION OF A TRAFFIC LAW IS NEGLIGENCE IN ITSELF."

## ISSUE THREE

THE TRIAL COURT ERRED IN DENYING THE PLAINTIFFS MOTION FOR JUDGMENT NOTWITHSTANDING THE JURY VERDICT WHEN THE JURY VERDICT WAS CONTRARY TO THE CURRENT LAW AND THE FACTS PRESENTED IN DURING TRIAL.

## ARGUMENT AND AUTHORITY

The Jury found contrary to the Law and entered a Zero Liability Verdict for Jones. Prior to the Jury Verdict a Directed Verdict was granted in regards to the Sudden Emergency Defense, there was NO evidence presented that the accident was unavoidable. The Defendant admitted that he was partially at fault and that he just didn't see Donahoe immediately prior to rear-ending his vehicle. Jones was cited for failure to control speed, Jones testified that he plead no contest to the charge of Failing to control speed. There was no evidence that Jones had a reason not to see Donahoe outside of failing to control his speed or just simply not paying attention to the road. Road conditions were fairly busy and Donahoe was turning into a parking lot. There was nothing obstructing Jones vision. The Jury verdict finding zero liability is in direct conflict with the law and the facts presented during a trial on the merits. Jones struck client in the rear and admitted in his sworn testimony that he was at least partially at fault without any valid defense, Jones should have been found liable at Law since no viable defense was presented.

11

## ISSUE ONE

THE TRIAL COURT ERRED AS A MATTER OF LAW IN ORDERING THAT JONES WAS THE PREVAILING PARTY AND NOT LAIBLE FOR DAMAGES TO JONES.

1.      As a matter of law Jones was negligent.   He failed to control his speed striking into Jones vehicle without excuse or defense.

2.      In Jones own sworn testimony that he admitted that did not see Donahoe's vehicle which means he was not paying attention to the road and failed to control his speed striking Jones and causing him damage.

3.      A directed verdict is granted for the defenses Jones previously asserted.   Jones also admitted in his sworn testimony that he was partially at fault. He was 100% at fault. But in the very least the evidence does not support a jury verdict of zero liability.

4.      Jones should have been ordered to pay damages to Donahoe.

5.      A court may disregard all the jury findings and grant a motion for judgment notwithstanding the verdict if a directed verdict would have been proper. Tex. R. Civ. P. 301; *Fort Bend Cnty. Drainage Dist. v. Sbrusch*, 818 S.W.2d 392, 394 (Tex. 1991). **THE TRIAL COURT ERRED AS A MATTER OF LAW BY NOT GRANTING DIRECTED VERDICT.**

## ISSUE TWO

THE TRIAL COURT ERRED AS A MATTER OF LAW BY DENYING PLANITIFFS JURY INSTRUCTION REQUEST OF "THE VIOLATION OF A TRAFFIC LAW IS NEGLIGENCE IN ITSELF."

1.  Although the Trial court has broad latitude in determining necessary proper jury instructions; Court of Appeals will reverse only if, in light of pleadings, evidence, and entire jury charge, error amounted to such denial of complaining party's rights as was reasonably calculated to cause, and probably did cause, rendition of improper judgment. *Freudiger v. Keller*, 104 S.W.3d 294 (Tex. App. 2003).

2.  The Trial Court Judge erred thereby denying an instruction "the violation of a traffic law is negligence in itself in light of pleadings, evidence, and entire jury charge, error amounted to such denial of complaining party's rights as was reasonably calculated to cause, and probably did cause, rendition of improper judgment.   This is evident here, because Jones failed to control speed. (Tex. Transp. Code § 545.351.) which is a violation of the traffic law as previously stated no other valid defenses were allowed as a matter of law and the jury leftwithout a proper instruction rendered a judgment contrary to the law.   Therefore, the decision should be reversed and remanded.

13

**ISSUE THREE**

THE TRIAL COURT ERRED IN DENYING THE PLAINTIFFS MOTION FOR JUDGMENT NOTWITHSTANDING THE JURY VERDICT WHEN THE JURY VERDICT WAS CONTRARY TO THE CURRENT LAW AND THE FACTS PRESENTED IN DURING TRIAL.

1.   A court may disregard all the jury findings and grant a motion for judgment notwithstanding the verdict if a directed verdict would have been proper. *See* Tex. R. Civ. P. 301; *Fort Bend Cnty. Drainage Dist. v. Sbrusch*, 818 S.W.2d 392, 394 (Tex. 1991). A court may disregard the jury's answer to a question if there is no evidence to support it. *Tiller v. McLure*, 121 S.W.3d 709, 713 (Tex. 2003); *Wal-Mart Stores, Inc. v. Miller*, 102 S.W.3d 706, 709 (Tex. 2003). A court may disregard the jury's answer to a question if the evidence establishes a fact to the contrary as a matter of law. *Gallas v. Car Biz, Inc.*, 914 S.W.2d 592, 593 (Tex. App.—Dallas 1995, writ denied); *John Masek Corp. v. Davis*, 848 S.W.2d 170, 173 (Tex. App.—Houston [1st Dist.] 1992, writ denied); *see TRT Dev. Co.-KC v. Meyers*, 15 S.W.3d 281, 285 (Tex. App.—Corpus Christi 2000, no pet.).

2. For reasons previously stated in issue one and two, Jones presented no defenses thus as a matter of law he was liable. The jury verdict should have been disregarded.

14

## CONCLUSION AND PRAYER

In accordance with the above and foregoing argument and authority and the undisputed facts in this case, Donahoe respectfully requests that this Court reverse the trial court's order deeming Jones the prevailing party and adjudging Donahoe to be entitled to damages, costs and disbursements against Jones in this action. To the extent the judgment awards Donahoe costs and disbursements from Jones, and only to that extent, Donahoe respectfully requests that this Court remand this action back to the trial court with instructions to award costs and disbursements to Donahoe as the prevailing party, pursuant to statute and include the same in the judgment.

Respectfully submitted,

*/s/ Sarah S. Doezema*

_____

By: **SARAH S. DOEZEMA**
TBN: 24063259
3607 Old Spanish Trail, Suite E
Houston, TX 77021
(713) 492.2460 (Telephone)
(713) 904.2434 (Fax)
Sarah@Doezemalaw.com

ATTORNEY FOR APPELLANT
KENDRICK DONAHOE

15

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument was sent to opposing counsel and all parties of interest via e-service on August 17, 2015.


/S/ Sarah S. Doezema
_____

SARAH S. DOEZEMA


## CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMITATION, TYPEFACE REQUIREMENTS, AND TYPE STYLE REQUIREMENTS

1.  This brief complies with the type-volume limitations of Fed. R. App. P. 32(a)(7)(B) because this brief contains 2,180 words, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii).

2.  This brief complies with the type-face requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because this brief has been prepared in proportionally spaced typeface using Microsoft Word in 14 point Times New Roman font.


/S/ Sarah S. Doezema
_____

Sarah S. Doezema
Attorney for Appellant


Dated:      August 17, 2015