ACCEPTED
05-17-01122-cv
FIFTH COURT OF APPEALS
DALLAS, TEXAS
1/30/2018 11:49 PM
LISA MATZ
CLERK

Case No. 05-17-01122-CV

In the Court of Appeals of Texas
Fifth District

FILED IN
5th COURT OF APPEALS
DALLAS, TEXAS
01/30/2018 11:49:26 PM
LISA MATZ
Clerk

**CIA BABIY**
*Appellant*

v.

RECEIVED IN
5th COURT OF APPEALS
DALLAS, TEXAS
01/30/2018 11:49:26 PM
LISA MATZ
Clerk

**RAMZI MORGAN KELLEY**
*Appellee*

On Appeal from the
416th Judicial District Court, Collin County
Hon. Andrea Thompson, Presiding
Trial Court Cause No. 416-04069-2015

**APPELLANT'S BRIEF**

MATTHEW J. KITA
Texas Bar No. 24050883

P.O. Box 5119
Dallas, Texas 75208
(214) 699-1863 (phone)
(214) 347-7221 (facsimile)
matt@mattkita.com

COUNSEL FOR APPELLANT

## IDENTITY OF PARTIES AND COUNSEL

| | |
|---|---|
| **Appellants:** | **Cia Babiy** |
| Appellate Counsel: | Matthew J. Kita<br>P.O. Box 5119<br>Dallas, Texas 75208 |
| Trial Counsel: | Carlos A. Fernandez<br>Mark D. Frenkel<br>Frenkel & Frenkel, LLP<br>12700 Park Central Drive, Suite 1900<br>Dallas, Texas 75251 |
| **Appellee:** | **Ramzi Morgan Kelley** |
| Appellate Counsel: | Gregory R. Ave<br>Walters, Balido & Crain, LLP<br>10440 North Central Expressway, Suite 1500<br>Dallas, Texas 75231 |
| Trial Counsel: | Mr. Scott A. Henderson<br>Trina T. Wilson & Associates<br>2280 North Greenville Avenue<br>Richardson, Texas 75082 |

# Table of Contents

Identity of Parties and Counsel.................................................................. i

Index of Authorities ................................................................................ iii

Statement of the Case ............................................................................ v

Statement Regarding Oral Argument .................................................... vi

Issues Presented .................................................................................... vii

Statement of Facts ..................................................................................1

Summary of the Argument ..................................................................... 4

Argument ................................................................................................ 6

I.      The jury's verdict finding that Kelley was not negligent is not
        supported by sufficient evidence. ................................................. 6

        A.      The evidence in the record conclusively establishes Kelley's
                negligence. ........................................................................ 6

        B.      The jury's verdict was clearly wrong and unjust................11

II.     The trial court erred by refusing to give the jury an instruction on
        negligence per se. ........................................................................12

Conclusion and Prayer ..........................................................................14

Certificate of Compliance......................................................................15

Certificate of Service.............................................................................16

# INDEX OF AUTHORITIES

## CASES

*Carrington v. Denison Poultry & Egg Co.*,
   No. 05-91-01181-CV, 1992 WL 193487
   (Tex. App.—Dallas Aug. 11, 1992, writ denied) ....................................13

*Dow Chem. Co. v. Francis*,
   46 S.W.3d 237 (Tex. 2001) ............................................................. 6, 11

*El Chico Corp. v. Poole*,
   732 S.W.2d 306 (Tex. 1987) ............................................................... 7

*Island Recreational Dev. Corp. v. Republic of Tex. Sav. Ass'n*,
   710 S.W.2d 551 (Tex. 1986) ............................................................... 6

*Lynch v. Ricketts,*
   314 S.W.2d 273 (Tex. 1958) ............................................................. 10

*Melvin v. Jimenez*, No. 04-00-00746-CV, 2002 WL 21963 (Tex. App.—San
   Antonio Jan. 9, 2002, no pet.) ............................................................ 8

*Nixon v. Mr. Property Management Co.*,
   690 S.W.2d 546 (Tex. 1985) ..............................................................12

*P.A.M. Transp., Inc. v. Stevens Transp., Inc.*,
   No. 05-12-01031-CV, 2013 WL 3948880
   (Tex. App.—Dallas July 31, 2013, no pet.) ........................................... 10

*Shupe v. Lingafelter*,
   192 S.W.3d 577 (Tex. 2006) ..............................................................13

*Supreme Beef Packers, Inc. v. Maddox*,
   67 S.W.3d 453 (Tex. App.—Texarkana 2002, pet. denied) ................. 7, 8

*W. Invs., Inc. v. Urena*,
   162 S.W.3d 547 (Tex. 2005) ............................................................... 7

**STATUTES**

Tex. Transp. Code § 552.002 ................................................................ vi, 8, 12

Tex. Transp. Code § 552.003 ....................................................................... 11

**RULES**

Tex. R. Civ. P. 277 ................................................................................... 13

## Statement of the Case

**Nature of the Case:** Suit for personal injuries suffered in a motor vehicle accident.

**Course of Proceedings:** Case was tried to a jury, who returned a verdict in Appellee's favor.

**Trial Court's Disposition:** Entered a judgment on the jury's verdict.

## Statement Regarding Oral Argument

Appellant respectfully submits that the issues presented in this appeal are straightforward and uncomplicated, and that the relevant facts and applicable legal standards are adequately presented in this brief. However, Appellant acknowledges that no Texas court has yet considered whether a violation of section 552.002 of the Texas Transportation Code can constitute negligence per se. Should the Court determine that oral argument would assist its analysis of this issue of first impression, Appellant respectfully requests the opportunity to participate.

## Issues Presented

1.    When viewed in light most favorable to the Appellee, the evidence in the record reflects that the Appellee was stopped at a red light, released her brake when the light turned green, never touched the accelerator, began to make a left turn into the left lane of a one-way street, and when doing so, hit Appellant, a pedestrian travelling in the same direction as Appellee was previously facing, with the *right* front of her vehicle when she was crossing the street towards a "walk" signal. The jury returned a verdict that Appellee was not negligent. Is this finding supported by legally or factually sufficient evidence?

2.    Under Texas law, the violation of a statute is deemed "negligence per se" if it imposes an absolute duty on a person, and if the plaintiff is a member of the class of persons that the statute was designed to protect. The Texas Transportation Code provides that motor-vehicle operators must yield the right of way to pedestrians in a crosswalk who are proceeding towards a "walk" signal. If the jury heard evidence that Appellant was a pedestrian in a crosswalk proceeding towards a "walk" signal, did the trial court err when it refused to instruct the jury on negligence per se?

## Statement of Facts

This case arises out of a collision between a motor vehicle driven by Appellee Ramzi Morgan Kelley and a pedestrian in a crosswalk, Appellant Cia Babiy. Immediately before the collision, Kelley's vehicle was stopped at a red light in the left hand lane of a one-way street.[1] Babiy was a pedestrian on the corner of the sidewalk directly next to Kelley's vehicle, facing the same direction.[2]

At the same time that Kelley's traffic signal turned green, the pedestrian control signal in front of Babiy signaled that she could "walk."[3] Babiy stepped into the crosswalk toward the pedestrian control signal.[4] Kelley lifted her foot off of her brake and, without pressing the accelerator, began to make a left turn.[5] When entering the crosswalk, the right front side[6] of her Dodge Caliber sport-utility vehicle[7] collided with Babiy, who was thrown to the ground, and sustained injuries to her neck, shoulder, left leg,

---

[1] 5 R.R. 112.

[2] 6 R.R. 36.

[3] 5 R.R. 113, 6 R.R. 38, 11 R.R. Pl's Ex. 200A ¶ 18.

[4] 6 R.R. 38–39.

[5] 5 R.R. 117–18.

[6] 11 R.R. Pl's Ex. 200A ¶ 13

[7] 5 R.R. 108; 8 R.R. Pl's Ex. 2.

right knee, and left hand.[8]

Babiy filed suit against Kelley, alleging causes of action for negligence and negligence per se.[9] At trial, Babiy testified and offered evidence that she had incurred more than $60,000 in medical expenses as a result of this collision,[10] which included surgeries that left her with scars on her shoulder and wrist,[11] and that her injuries had prevented or limited her ability to participate in certain activities such as yoga, skiing, hiking, and cycling.[12] After two days of testimony, the case was submitted to the jury.

At the charge conference, Babiy submitted a written proposal that that the jury be instructed that "the law requires drivers to give the right-of-way to pedestrians if the pedestrian has a walk signal." and "failure to comply with this law is negligence in itself."[13] The trial court refused to give this instruction, and Babiy objected to its exclusion, which the trial court

---

[8] 6 R.R. 52.

[9] C.R. 253.

[10] 6 R.R. 70.

[11] 6 R.R. 67–68.

[12] 6 R.R. 65, 125–26.

[13] Supp. C.R. 9.

overruled.[14] The jury returned a verdict in which it found the neither Babiy nor Kelley were negligent.[15] Accordingly, it did not answer any of the subsequent questions regarding percentage of responsibility or damages.[16]

Babiy filed a motion to disregard the jury's findings and a motion for judgment notwithstanding the verdict,[17] both of which were denied.[18] The trial court entered a take-nothing final judgment in Kelley's favor.[19] Babiy then filed a motion for new trial in which she noted that the evidence was insufficient to support the verdict.[20] The trial court denied this motion as well.[21] Accordingly, Babiy timely perfected this appeal.[22]

---

[14] 6 R.R. 134–35.

[15] C.R. 330.

[16] C.R. 330–32.

[17] C.R. 334–42.

[18] C.R. 348.

[19] C.R. 343.

[20] C.R. 349–53.

[21] C.R. 357.

[22] C.R. 358.

### Summary of the Argument

This Court should reverse the trial court's judgment and remand this case for a new trial. Even when the evidence is viewed in a light most favorable to Kelley, it reflects that she was stopped at a red light, released her brake when the light turned green, never touched the accelerator, began to make a left turn into the left lane of a one-way street, and when doing so, hit Babiy, a pedestrian travelling in the same direction as Kelley was previously facing, with the *right* front of her vehicle when she was crossing the street towards a "walk" signal. Regardless of whether this Court concludes that the relevant duty is imposed by statute or common law the jury's finding that Kelley was not negligent is either not supported by *any* evidence, or it is against the great weight and preponderance of the evidence. Either way, Babiy is entitled to a new trial.

Alternatively, this Court should conclude that the trial court erred when it refused to instruct the jury that "the law requires drivers to give the right-of-way to pedestrians if the pedestrian has a walk signal" and that the "failure to comply with this law is negligence in itself." This requirement is codified in a statute, imposes an absolute requirement on Kelley, Babiy is obviously a member of the class of persons the statute is designed to protect.

- 4 -

Babiy was therefore entitled to have the jury receive such an instruction, the trial court abused its discretion by refusing to provide it, and its failure to do so likely resulted in the rendering of an improper verdict. The remedy for such an error is also reversing the trial court's judgment and remanding this case for a new trial.

## ARGUMENT

**I.     The jury's verdict finding that Kelley was not negligent is not supported by sufficient evidence.**

**A.     The evidence in the record conclusively establishes Kelley's negligence.**

This Court should reverse the trial court's judgment because the jury's finding that Kelley was not negligent is not supported by *any* evidence in the record. Accordingly, this Court must conclude that the jury's verdict is legally insufficient, and that Babiy is entitled to a new trial.

The standard of review for a legal-sufficiency challenge is well-established. Because Babiy had the burden of proof at trial, this court may sustain this legal-sufficiency challenge if the record conclusively establishes Kelley's negligence.[23] A fact is conclusively established when the evidence is such that there is no room for ordinary minds to differ as to the conclusion to be drawn from it."[24] Even when reviewing the evidence in a light most favorable to the jury's verdict,[25] Babiy respectfully submits that, as a matter of law, she was entitled to a finding that Kelley was negligent.

---

[23] *See, e.g.*, *Dow Chem. Co. v. Francis*, 46 S.W.3d 237, 241 (Tex. 2001).

[24] *Island Recreational Dev. Corp. v. Republic of Tex. Sav. Ass'n*, 710 S.W.2d 551, 564 (Tex. 1986).

[25] *See, e.g.*, *Francis*, 46 S.W.3d at 241.

To prevail on her negligence cause of action, Babiy was required to prove that Kelley owed her a legal duty, and that Kelley's breach of that duty was a proximate cause of her damages.[26] Ordinarily, the duty that an individual owes to other members of the general public is simply to exercise reasonable care to avoid risk to others.[27] But as the Sixth Court of Appeals noted in its 2002 opinion in *Supreme Beef Packers v. Maddox*, when a statute imposes an absolute (as opposed to a conditional) duty on a person, and when the plaintiff is a member of the a class of persons that the statute was designed to protect, "the statute itself states what a reasonably prudent person would have done [and] if an excuse is not raised, the only inquiry for the jury is whether or not the defendant violated the statute or regulation and, if so, whether the violation was a proximate cause of the injury."[28]

Here, Kelley's duties to Babiy were determined by such a statute. Section 552.002(b) of the Texas Transportation Code, entitled "Pedestrian Right-of-Way if Control Signal Present" provides:

---

[26] *See, e.g.*, *W. Invs., Inc. v. Urena*, 162 S.W.3d 547, 550 (Tex. 2005).

[27] *See, e.g.*, *El Chico Corp. v. Poole*, 732 S.W.2d 306, 311 (Tex. 1987).

[28] *Supreme Beef Packers, Inc. v. Maddox*, 67 S.W.3d 453, 455–56 (Tex. App.—Texarkana 2002, pet. denied).

> A pedestrian facing a "Walk" signal may proceed across a roadway in the direction of the signal, and the operator of a vehicle *shall* yield the right-of-way to the pedestrian.[29]

Unlike other provisions in the Transportation Code that condition the right-of-way on what a reasonable person should do,[30] section 552.002 "leaves the driver no discretion or room for the exercise of judgment."[31] Much like the law that requires vehicles to stop at a flashing red light, this provision is similarly absolute: if a pedestrian has a "walk" signal, the driver must yield. Because it is undisputed that (a) Babiy was proceeding across the roadway facing a "walk" signal and (b) Kelley hit Babiy with her vehicle, Babiy conclusively established the elements of duty and breach. And because Kelley did not make any argument or offer any evidence to suggest that the collision was not the proximate cause of at least *some* of Babiy's damages, there is legally insufficient evidence to support the jury's finding that Kelley was not negligent.

---

[29] Tex. Transp. Code § 552.002 (emphasis added).

[30] *See, e.g.*, *Melvin v. Jimenez*, No. 04-00-00746-CV, 2002 WL 21963, at *4 (Tex. App.—San Antonio Jan. 9, 2002, no pet.) (not designated for publication) (concluding that section 545.152 of the Transportation Code did *not* impose an absolute duty because it conditioned the right-of-way on whether an oncoming vehicle was "an immediate hazard").

[31] *Maddox*, 67 S.W.3d at 456.

This Court should reach the same conclusion even if it determined that section 552.002 does not determine the scope of Kelley's duties because there is also no evidence in the record to support Kelley's the jury's finding that she was not negligent under the common-law definition. First, although Kelley acknowledged that she was very familiar with the intersection,[32] she also admitted that she did not look to see if the "walk" signal was on before she entered the intersection.[33] Kelley claims that she stopped her vehicle at the stop light and began her left turn by taking her foot off the brake without ever touching the accelerator.[34] Although Kelley claims that she was looking ahead the entire time and did not see Babiy before the collision,[35] it is undisputed that Kelley hit Babiy with the front *right* side of her vehicle,[36] a Dodge Caliber sport-utility vehicle.[37] It is also undisputed that on the night of the incident, the sky was clear, the intersection was well lit, and there were

---

[32] 5 R.R. 109.

[33] 5 R.R. 113.

[34] 5 R.R. 117.

[35] 5 R.R. 113.

[36] 11 R.R. Pl's Ex. 201A ¶ 13.

[37] 5 R.R. 108; 8 R.R. Pl's Ex. 2.

few cars on the road.[38] Finally, it is also undisputed that the jury also found that Babiy was not negligent.[39]

Accordingly, when all of the evidence in the record is viewed in a light most favorable to Kelley, the only reasonable conclusion that can be drawn from the evidence is that Kelley was not using reasonable care while she was operating her vehicle. There is no evidence in the record that could allow a rational juror to believe Kelley's claim that Babiy—who it found to be not negligent—was able to walk almost all the way in front of Kelley's vehicle, while Kelley was driving it without any added acceleration, on a clear night with no visibility problems, while looking forward the entire time, without seeing her at all. If this Court credits Kelley's testimony that she did not see Babiy before the collision, it must necessarily conclude that she was not keeping a proper lookout, which is a breach of the duty to use reasonable care.[40] Alternatively, if it reasons that Kelley must have seen the non-

---

[38] 11 R.R. Pl's Ex. 201A ¶ 11.

[39] C.R. 330.

[40] *P.A.M. Transp., Inc. v. Stevens Transp., Inc.*, No. 05-12-01031-CV, 2013 WL 3948880, at *1 (Tex. App.—Dallas July 31, 2013, no pet.) (citing *Lynch v. Ricketts,* 314 S.W.2d 273, 275 (Tex. 1958) ("Every motorist has a duty to keep a proper lookout. A proper lookout encompasses the duty to observe, in a careful and intelligent manner, traffic and the general situation in the vicinity, including speed and proximity of other vehicles as well as rules of the road and common experience.").

negligent Babiy in the intersection, it must necessarily conclude that Kelley failed to yield the right of way.[41] Under either circumstance, the evidence in the record conclusively establishes that Kelley was negligent. The jury's finding to the contrary, therefore, is not supported by legally sufficient evidence, and Babiy is entitled to a new trial.

## B.    The jury's verdict was clearly wrong and unjust.

Alternatively, even if this Court were to conclude that there was more than a scintilla of evidence that supports the jury's finding that Kelley was not negligent, it should hold that the evidence was factually insufficient to support the verdict it is against the great weight and preponderance of the evidence.[42] For the reasons discussed in the previous section, the great weight and preponderance of the evidence demands a finding that Kelley was negligent.[43] Because the jury's "no" answer regarding Kelley's liability is clearly wrong and unjust,[44] this Court should reverse the trial court's judgment and remand this case for a new trial.

---

[41] Tex. Transp. Code § 552.003.

[42] *See, e.g.*, *Francis*, 46 S.W.3d at 242.

[43] *See, e.g.*, *Francis*, 46 S.W.3d at 242.

[44] *See, e.g.*, *Francis*, 46 S.W.3d at 242.

## II.     The trial court erred by refusing to give the jury an instruction on negligence per se.

This Court should reverse the trial court's judgment and remand this case for a new trial because the court below failed to properly instruct the jury on negligence per se. For the reasons discussed above, section 552.002(b) of the Transportation Code imposed an absolute, non-conditional duty on Kelley to yield the right of way to pedestrians in a crosswalk facing a "walk" signal.[45] The trial court denied Babiy's proposed instruction,[46] which would have informed the jury:

> The law requires drivers to give the right-of-way to pedestrians if the pedestrian has a walk signal. Failure to comply with this law is negligence in itself.[47]

This proposed instruction is consistent both the language of the statute, and the form set forth in Texas Pattern Jury Charge 5.1. Moreover, there can be no dispute that this statue was designed to prevent injuries to pedestrians, a class of persons to whom Babiy obviously belonged.[48]

When a trial court refuses to submit a requested instruction on an

---

[45] Tex. Transp. Code § 552.002(b).

[46] 6 R.R. 134–35.

[47] Supp. C.R. 9.

[48] *Nixon v. Mr. Property Management Co.*, 690 S.W.2d 546, 549 (Tex. 1985).

issue raised by the pleadings and evidence, the question on appeal is whether

the request was reasonably necessary to enable the jury to render a proper

verdict.[49] There is no question that Babiy pleaded a negligence per se cause

of action in her pleadings,[50] and as discussed above, the jury was presented

with evidence that Babiy was a pedestrian in a crosswalk facing a "walk"

signal.[51] As this Court held in its 1992 opinion in *Carrington v. Dennison*

*Poultry & Egg Co.*:

> When a broad-form jury question is given, it is important that
> the instructions associated with that question place before the
> jury each theory of liability raised at trial. If the jury found that
> [the defendant] was not negligent, then the failure to submit the
> requested instruction on negligence per se was harmful. We
> hold that the failure to submit the requested instruction was
> an abuse of discretion because its omission likely caused the
> rendition of an improper verdict.[52]

The same result should follow here. Because the instruction was warranted

by the law, the pleadings, and the evidence, because the instruction was not

given, and because the jury found that Kelley was not negligent, it is likely

---

[49] Tex. R. Civ. P. 277 ("The court shall submit such instructions and definitions as shall be proper to enable the jury to render a verdict"); *Shupe v. Lingafelter*, 192 S.W.3d 577, 579 (Tex. 2006).

[50] C.R. 253.

[51] 6 R.R. 36–39.

[52] *Carrington v. Denison Poultry & Egg Co.*, No. 05-91-01181-CV, 1992 WL 193487, at *3 (Tex. App.—Dallas Aug. 11, 1992, writ denied) (not designated for publication).

that the jury rendered an improper verdict. This Court, therefore, should conclude that the trial court abused its discretion, reverse its judgment, and remand this case for a new trial.

## Conclusion and Prayer

The evidence in the record reveals that Appellee Ramzi Morgan Kelley hit Appellant Cia Baby with her vehicle because she either failed to yield the right of way or failed to keep a proper lookout. This Court, therefore, should concludes that Babiy either "conclusively established" Kelley's negligence or that the jury's finding of lack of negligence was "against the great weight and preponderance of the evidence." Alternatively, this Court should conclude that the trial court abused its discretion when it refused to instruct the jury that "the law requires drivers to give the right-of-way to pedestrians if the pedestrian has a walk signal" and that the "failure to comply with this law is negligence in itself." Regardless of which option this Court chooses, it should reverse the trial court's judgment, remand the case for a new trial, and grant Babiy all other relief to which she is entitled.

Respectfully submitted,

/s/ Matthew J. Kita
MATTHEW J. KITA
Texas Bar No. 24050883

P.O. Box 5119
Dallas, Texas 75208
(214) 699-1863 (phone)
(214) 347-7221 (facsimile)
matt@mattkita.com

COUNSEL FOR APPELLANT

## CERTIFICATE OF COMPLIANCE

This brief complies with Texas Rule of Appellate Procedure 9.4(i) because it contains 2,757 words (excluding the parts of the brief exempted by this rule).

Signed this 30th day of January, 2018.

/s/ Matthew J. Kita
Matthew J. Kita

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of this brief was served on the following counsel via e-filing in accordance with Texas Rule of Appellate Procedure 9.5 and this Court's Local Rules on January 30, 2018.

*Counsel for Appellee:*

Gregory R. Ave
Walters, Balido & Crain, LLP
10440 North Central Expressway, Suite 1500
Dallas, Texas 75231

/s/ Matthew J. Kita
Matthew J. Kita

**ORIGINAL**

CAUSE NO. 416-04069-2015

| | | |
|---|---|---|
| CIA BABIY. | § | IN THE DISTRICT COURT |
| | § | |
| Plaintiff. | § | |
| | § | |
| v. | § | 416TH JUDICIAL DISTRICT |
| | § | |
| RAMZI MORGAN KELLEY. | § | |
| | § | |
| Defendant. | § | COLLIN COUNTY, TEXAS |

## FIRST AMENDED CHARGE OF THE COURT

MEMBERS OF THE JURY:

After closing arguments, you will go to the jury room to decide the case, answer the questions that are attached, and reach a verdict. You may discuss the case with other jurors only when you are all together in the jury room.

Remember my previous instructions: Do not discuss the case with anyone else. either in person or by any other means. Do not do any independent investigation about the case or conduct any research. Do not look up any words in dictionaries or on the Internet. Do not post information about the case on the Internet. Do not share any special knowledge or experiences with the other jurors. Do not use your phone or any other electronic device during your deliberations for any reason. I will give you a number where others may contact you in case of an emergency.

Here are the instructions for answering the questions:

1.      Do not let bias, prejudice or sympathy play any part in your decision.

2.      Base your answers only on the evidence admitted in court and on the law that is in these instructions and questions. Do not consider or discuss any evidence that was not admitted in the courtroom.

3.      You are to make up your own minds about the facts. You are the sole judges of the credibility of the witnesses and the weight to give their testimony. But on matters of law, you must follow all of my instructions.

4.      If my instructions use a word in a way that is different from its ordinary meaning. use the meaning I give you, which will be a proper legal definition.

1

**326**

5. All of the questions and answers are important. No one should say that any question or answer is not important.

6. Answer "yes" or "no" to all questions unless you are told otherwise. A "yes" answer must be based on a preponderance of the evidence. Whenever a question requires an answer other than "yes" or "no", your answer must be based on a preponderance of the evidence.

The term **"preponderance of the evidence"** means the greater weight of credible evidence presented in the case. If you do not find that a preponderance of the evidence supports a "yes" answer, then answer "no." A preponderance of the evidence is not measured by the number of witnesses or by the number of documents admitted in evidence. For a fact to be proved by a preponderance of the evidence, you must find that the fact is more likely true than not true.

A fact may be established by direct evidence or by circumstantial evidence or both. A fact is established by direct evidence when proved by documentary evidence or by witnesses who saw the act done or heard the words spoken. A fact is established by circumstantial evidence when it may be fairly and reasonably inferred from other facts proved.

7. Do not decide who you think should win before you answer the questions and then just answer the questions to match your decision. Answer each question carefully without considering who will win. Do not discuss or consider the effect your answers will have.

8. Do not answer questions by drawing straws or by any method of chance.

9. Some questions might ask you for a dollar amount. Do not agree in advance to decide on a dollar amount by adding up each juror's amount and then figuring out the average.

10. Do not trade your answers. For example, do not say, "I will answer this question your way if you answer another question my way."

11. The answers to the questions must be based on the decision of at least ten of the twelve jurors. The same ten jurors must agree on every answer. Do not agree to be bound by a vote of anything less than ten jurors, even if it would be a majority.

As I have said before, if you do not follow these instructions, you will be guilty of juror misconduct, and I might have to order a new trial and start this process over again. This would waste your time and the parties' money, and would require the taxpayers of this county to pay for another trial. If a juror breaks any of these rules, tell that person to stop and report it to me immediately.

## DEFINITIONS AND EXPLANATORY INSTRUCTIONS

"**Negligence**" means failure to use ordinary care; that is, failing to do that which a person of ordinary prudence would have done under the same or similar circumstances or doing that

2

**327**

which a person of ordinary prudence would not have done under the same or similar circumstances.

"**Ordinary care**" means that degree of care that would be used by a person of ordinary prudence under the same or similar circumstances.

"**Proximate cause**" means a cause that was a substantial factor in bringing about an occurrence, and without which cause such occurrence would not have occurred. In order to be a proximate cause, the act or omission complained of must be such that a person using *ordinary care* would have foreseen that the occurrence, or some similar occurrence, might reasonably result therefrom. There may be more than one proximate cause of an occurrence.

## PRESIDING JUROR:

1.      When you go into the jury room to answer the questions, the first thing you will need to do is choose a presiding juror.

2.      The presiding juror has these duties:
   a.      have the complete charge read aloud if it will be helpful to your deliberations;
   b.      preside over your deliberations, meaning manage the discussions, and see that you follow these instructions;
   c.      give written questions or comments to the bailiff who will give them to the judge;
   d.      write down the answers you agree on;
   e.      sign the verdict certificate or get the signatures for the verdict certificate; and
   f.      notify the bailiff that you have reached a verdict.

## INSTRUCTIONS FOR SIGNING THE VERDICT CERTIFICATE:

1.      You may answer the questions on a vote of ten (10) jurors. The same ten jurors must agree on every answer in the charge. This means you may **not** have one group of ten jurors agree on one answer and a different group of ten jurors agree on another answer.

2.  If ten jurors agree on every answer, those ten jurors sign the verdict.
If eleven jurors agree on every answer, those eleven jurors sign the verdict.
If all twelve of you agree on every answer, you are unanimous and only the presiding juror signs the verdict.

3.      All jurors should deliberate on every question. You may end up with all twelve of you agreeing on some answers, while only ten or eleven of you agree on other answers. But when you sign the verdict, only those ten who agree on every answer will sign the verdict.

3

**328**

After you have retired to consider your verdict, no one has any authority to communicate with you except the bailiff of this Court. You should not discuss the case with anyone, not even with other members of the jury, unless all of you are present and assembled in the jury room. Should anyone attempt to talk to you about the case before the verdict is returned, whether at the courthouse, at your home, or elsewhere, please inform the Judge.

When you have answered all of the questions which you are required to answer under the instructions of the Judge, and your Presiding Juror has placed your answers in the spaces provided, and obtained the signatures on the verdict certificate, you will advise the bailiff at the door of the jury room that you have reached a verdict, and then you will be brought into Court with your verdict.

Signed ~~June 20, 2017~~

June 21, 2017

_Andrea Thompson_
Andrea S. Thompson
Judge Presiding

4

## Question No. 1

Did the negligence, if any, of those listed below proximately cause the occurrence in question?

Answer "Yes" or "No."

Answer:
    a.  Ramzi Kelley   _No_
    b.  Cia Babiy     _No_

If you answered "Yes" to Question 1 for more than one of those named, then answer the following question. Otherwise, do not answer the following question.

## Question No. 2

Assign percentages of responsibility only to those you found caused or contributed to the occurrence. The percentages you find must total 100%. The percentages must be expressed in whole numbers. The percentage of responsibility attributable to any one is not necessarily measured by the number of acts or omissions found. The percentage attributable to any one need not be the same percentage attributed to that one in answering another question

For each person you found caused or contributed to cause the occurrence, find the percentage of negligence, if any, attributable to each:

Answer:
    a.  Ramzi Kelley   _____
    b.  Cia Babiy     _____

    Total        100%

Answer Question No. 3 if you answered "Yes" for *Ramzi Kelley* to Question No. 1 and answered:
    1.  "No" for *Cia Babiy* to Question No. 1, or
    2.  *50 percent* or less for *Cia Babiy* to Question No. 2

Otherwise do not answer Question No. 3

5

**330**

## Question No. 3

What sum of money, if paid now in cash, would fairly and reasonably compensate *Cia Babiy* for *her* injuries, if any, proximately caused by the occurrence in question?

Do not include any amount for any condition existing before the occurrence in question, except to the extent, if any, that such other condition was aggravated by any injuries that resulted from the occurrence in question.

Consider the elements of damages listed below and none other. Consider each element separately. Do not award any sum of money on any element that if you have otherwise, under some other element, awarded a sum of money for the same loss. That is, do not compensate twice for the same loss, if any. Do not include interest on any amount of damages you find.

Answer separately, in dollars and cents, for damages, if any. Do not reduce the amounts, if any, in your answers because of the negligence, if any of *Cia Babiy*.

Any recovery will be determined by the court when it applies the law at the time of the answer to your judgment.

a.    Medical care expenses incurred in the past.

Answer: $_____

b.    Medical care expenses that, in reasonable probability, *Cia Babiy* will incur in the future.

Answer: $_____

c.    Physical impairment sustained in the past.

Answer: $_____

d.    Physical impairment that, in reasonable probability, *Cia Babiy* will incur in the future.

Answer: $_____

e.    Disfigurement sustained in the past.

6

**331**

Answer: $_____

f.    Disfigurement that, in reasonable probability, *Cia Babiy* will incur in the future.

Answer: $_____

g.    Loss of earning capacity sustained in the past.

Answer: $_____

h.    Loss of earning capacity that, in reasonable probability, *Cia Babiy* will sustain in the future.

Answer: $_____

i.    Physical pain and suffering sustained in the past.

Answer: $_____

j.    Physical pain and suffering that, in reasonable probability, *Cia Babiy* will sustain in the future.

Answer: $_____

k.    Mental anguish sustained in the past.

Answer: $_____

l.    Mental anguish that, in reasonable probability, *Cia Babiy* will sustain in the future.

Answer: $_____

**332**

## VERDICT CERTIFICATE

We, the jury, have answered the above and foregoing special issues or questions as herein indicated, and herewith return same into court as our verdict.

(To be signed by the presiding juror if unanimous)

_Presiding Juror_

(To be signed by those rendering the verdict if not unanimous)

8

**333**

Filed: 6/26/2017 2:55 PM
Lynne Finley
District Clerk
Collin County, Texas
By Christina Zamora Deputy
Envelope ID: 17840231

CAUSE NO. 416-04069-2015

| | | |
|---|---|---|
| CIA BABIY, | § | IN THE DISTRICT COURT |
| PLAINTIFF | § | |
| | § | |
| v. | § | 416TH JUDICIAL DISTRICT |
| | § | |
| RAMZI MORGAN KELLEY, | § | COLLIN  COUNTY, TEXAS |
| DEFENDANT | | |

## FINAL JUDGMENT

On the 19th day of June, 2017, this case, filed in the 416th Judicial District Court of Collin County, Texas was called to trial.  Plaintiff Cia Babiy appeared in person and by attorney and announced ready for trial.  Defendant Ramzi Morgan Kelley appeared in person and by attorney and announced ready for trial. A jury of 12 qualified jurors was empaneled and the case proceeded to trial.

At the conclusion of the evidence, the Court submitted the Court's charge and questions of fact to the jury.  The jury's 10-2 verdict was returned on the 21st day of June, 2017. The jury found that neither Defendant Ramzi Morgan Kelley nor Plaintiff Cia Babiy were negligent in the 12/19/2013 motor vehicle accident . The jury's verdict was returned in open court and accepted by the Court.

Based on the jury's verdict, it is ORDERED, ADJUDGED and DECREED that Plaintiff Cia Babiy take nothing from Defendant Ramzi Morgan Kelley. Court costs are ordered paid by Plaintiff for which execution is ORDERED if not timely paid. All relief not granted herein is denied. This is a Final Judgment for purposes of appeal.

Signed  this _____ day of ___6/29/2017_____, 2017.

*Andrea S. Thompson*
Hon. Andrea Thompson, Judge Presiding

**343**

Vernon's Texas Statutes and Codes Annotated
    Transportation Code (Refs & Annos)
        Title 7. Vehicles and Traffic (Refs & Annos)
            Subtitle C. Rules of the Road (Refs & Annos)
                Chapter 552. Pedestrians

V.T.C.A., Transportation Code § 552.002

§ 552.002. Pedestrian Right-of-Way if Control Signal Present

Currentness

(a) A pedestrian control signal displaying "Walk," "Don't Walk," or "Wait" applies to a pedestrian as provided by this section.

(b) A pedestrian facing a "Walk" signal may proceed across a roadway in the direction of the signal, and the operator of a vehicle shall yield the right-of-way to the pedestrian.

(c) A pedestrian may not start to cross a roadway in the direction of a "Don't Walk" signal or a "Wait" signal. A pedestrian who has partially crossed while the "Walk" signal is displayed shall proceed to a sidewalk or safety island while the "Don't Walk" signal or "Wait" signal is displayed.

**Credits**
Acts 1995, 74th Leg., ch. 165, § 1, eff. Sept. 1, 1995.

Notes of Decisions (1)

V. T. C. A., Transportation Code § 552.002, TX TRANSP § 552.002
Current through the end of the 2017 Regular and First Called Sessions of the 85th Legislature

**End of Document** © 2018 Thomson Reuters. No claim to original U.S. Government Works.

Filed: 6/21/2017 4:15 PM
Lynne Finley
District Clerk
Collin County, Texas
By Christina Zamora Deputy
Envelope ID: 17762520

CAUSE NO. 416-04069-2015

| | | |
|---|---|---|
| CIA BABIY, | § | IN THE DISTRICT COURT |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 416TH JUDICIAL DISTRICT |
| | § | |
| RAMZI MORGAN KELLEY, | § | |
| | § | |
| Defendant. | § | COLLIN COUNTY, TEXAS |

## PLAINTIFF'S THIRD AMENDED PROPOSED JURY INSTRUCTIONS, DEFINITIONS, AND QUESTIONS

COMES NOW, Plaintiff, CIA BABIY, and files the following Second Amended Proposed Jury Instructions, Definitions, and Questions. By submitting these requested instructions, definitions, and questions, Plaintiff does not waive any of her arguments or claims. Plaintiff reserves the right to modify, amend, supplement, or withdraw any of these requests as may be necessary to ensure a proper and just adjudication.

Respectfully submitted,

FRENKEL & FRENKEL, L.L.P.
12700 Park Central Drive, Suite 1900
Dallas, Texas 75251
(214) 333-3333
(214) 265-9360 (telecopier)

By:      /s/ Carlos A. Fernandez
          Carlos A. Fernandez

          Carlos A. Fernandez
          State Bar No. 24036555
          carlos@frenkelfirm.com
          Mark D. Frenkel
          State Bar No. 00784083
          me@markfrenkel.com

**COUNSEL FOR PLAINTIFF**

**4**

## CERTIFICATE OF SERVICE

This is to certify, pursuant to Rule 21a of the Texas Rules of Civil Procedure, that a true and correct copy of *Plaintiff's Third Amended Proposed Jury Instructions, Definitions, and Questions* have been forwarded to the following counsel of record on this the 20 day of June, 2017 as follows:

Scott A. Henderson, Esq.                    **Via Hand Delivered**
TRINA T. WILSON & ASSOCIATES
2280 North Greenville Avenue
Richardson, Texas   75082
*Attorney for Defendant*

By:      */s/ Carlos A. Fernandez*
         Carlos A. Fernandez

## CHARGE OF THE COURT

MEMBERS OF THE JURY:

After closing arguments, you will go to the jury room to decide the case, answer the questions that are attached, and reach a verdict. You may discuss the case with other jurors only when you are all together in the jury room.

Remember my previous instructions: Do not discuss the case with anyone else, either in person or by any other means. Do not do any independent investigation about the case or conduct any research. Do not look up any words in dictionaries or on the Internet. Do not post information about the case on the Internet. Do not share any special knowledge or experiences with the other jurors. Do not use your phone or any other electronic device during your deliberations for any reason. I will give you a number where others may contact you in case of an emergency.

Any notes you have taken are for your own personal use. You may take your notes back into the jury room and consult them during deliberations, but do not show or read your notes to your fellow jurors during your deliberations. Your notes are not evidence. Each of you should rely on your independent recollection of the evidence and not be influenced by the fact that another juror has or has not taken notes.

You must leave your notes with the bailiff when you are not deliberating. The bailiff will give your notes to me promptly after collecting them from you. I will make sure your notes are kept in a safe, secure location and not disclosed to anyone. After you complete your deliberations, the bailiff will collect your notes. When you are released from jury duty, the bailiff will promptly destroy your notes so that nobody can read what you wrote.

Here are the instructions for answering the questions:

1.     Do not let bias, prejudice or sympathy play any part in your decision.

2.     Base your answers only on the evidence admitted in court and on the law that is in these instructions and questions. Do not consider or discuss any evidence that was not admitted in the courtroom.

3.     You are to make up your own minds about the facts. You are the sole judges of the credibility of the witnesses and the weight to give their testimony. But on matters of law, you must follow all of my instructions.

4.     If my instructions use a word in a way that is different from its ordinary meaning, use the meaning I give you, which will be a proper legal definition.

5.     All of the questions and answers are important. No one should say that any question or answer is not important.

6. Answer "yes" or "no" to all questions unless you are told otherwise. A "yes" answer must be based on a preponderance of the evidence. Whenever a question requires an answer other than "yes" or "no", your answer must be based on a preponderance of the evidence.

The term "preponderance of the evidence" means the greater weight of credible evidence presented in the case. If you do not find that a preponderance of the evidence supports a "yes" answer, then answer "no." A preponderance of the evidence is not measured by the number of witnesses or by the number of documents admitted in evidence. For a fact to be proved by a preponderance of the evidence, you must find that the fact is more likely true than not true.

A fact may be established by direct evidence or by circumstantial evidence or both. A fact is established by direct evidence when proved by documentary evidence or by witnesses who saw the act done or heard the words spoken. A fact is established by circumstantial evidence when it may be fairly and reasonably inferred from other facts proved.

7. Do not decide who you think should win before you answer the questions and then just answer the questions to match your decision. Answer each question carefully without considering who will win. Do not discuss or consider the effect your answers will have.

8. Do not answer questions by drawing straws or by any method of chance.

9. Some questions might ask you for a dollar amount. Do not agree in advance to decide on a dollar amount by adding up each juror's amount and then figuring out the average.

10. Do not trade your answers. For example, do not say, "I will answer this question your way if you answer another question my way."

11. The answers to the questions must be based on the decision of at least ten of the twelve jurors. The same ten jurors must agree on every answer. Do not agree to be bound by a vote of anything less than ten jurors, even if it would be a majority.

As I have said before, if you do not follow these instructions, you will be guilty of juror misconduct, and I might have to order a new trial and start this process over again. This would waste your time and the parties' money, and would require the taxpayers of this county to pay for another trial. If a juror breaks any of these rules, tell that person to stop and report it to me immediately.

**Source:**     Texas Pattern Jury Charge 1.3A (2016) (hereinafter "PJC"); PJC 1.8

**Ruling:**

This requested instruction, being duly and timely requested, was:

GIVEN:          _____

REFUSED:        _____

MODIFIED:       _____

DATED:          _____


_____
Judge Presiding

The law requires drivers to give the right-of-way to pedestrians if the pedestrian has a walk signal. Failure to comply with this law is negligence in itself.

**Question No. 1**

Did the negligence, if any, of Defendant Ramzi Morgan Kelley cause the occurrence in question?

"Negligence" means failure to use ordinary care, that is, failing to do that which a person of ordinary prudence would have done under the same or similar circumstances or doing that which a person of ordinary prudence would not have done under the same or similar circumstances.

"Ordinary care" means that degree of care that would be used by a person of ordinary prudence under the same or similar circumstances.

"Proximate cause" means a cause that was a substantial factor in bringing about an occurrence, and without which cause such occurrence would not have occurred. In order to be a proximate cause, the act or omission complained of must be such that a person using *ordinary care* would have foreseen that the occurrence, or some similar occurrence, might reasonably result therefrom. There may be more than one proximate cause of an occurrence.

Answer "Yes" or "No."

Answer:_____

**Source:**    PJC 2.1, 2.4, 4.1, 5.1

**Ruling:**

This requested instruction, being duly and timely requested, was:

GIVEN:          _____

REFUSED:     _____

MODIFIED:    _____

DATED:          _____

6-20-17     *Andrea Thompson*
Judge Presiding

## Question No. 2.

What sum of money, if paid now in cash, would fairly and reasonably compensate *Cia Babiy* for *her* injuries, if any, that resulted from the occurrence in question?

Consider the elements of damages listed below and none other. Consider each element separately. Do not include damages for one element in any other element. Do not include any amount for any condition existing before the occurrence in question, except to the extent, if any, that such other condition was aggravated by any injuries that resulted from the occurrence in question. Do not include interest on any amount of damages you find.

Answer in dollars and cents, for damages, if any.

a.      Medical care expenses incurred in the past.

        Answer: _____

b.      Medical care expenses that, in reasonable probability, *Cia Babiy* will incur in the future.

        Answer: _____

c.      Physical impairment sustained in the past.

        Answer: _____

d.      Physical impairment that, in reasonable probability, *Cia Babiy* will incur in the future.

        Answer: _____

e.      Disfigurement sustained in the past.

        Answer: _____

f.      Loss of earning capacity sustained in the past.

        Answer: _____

g.    Loss of earning capacity that, in reasonable probability, Cia Babiy will sustain in the future.

h.    Disfigurement that, in reasonable probability, *Cia Babiy* will incur in the future.

Answer: _____

i.    Physical pain and suffering sustained in the past.

Answer: _____

j.    Physical pain and suffering that, in reasonable probability, *Cia Babiy* will sustain in the future.

Answer: _____

k.    Mental anguish sustained in the past.

Answer: _____

l.    Mental anguish that, in reasonable probability, *Cia Babiy* will sustain in the future.

Answer: _____

> *Harris County v. Smith*, **96 S.W.3d 230 (Tex. 2002) (requiring the separating out of distinct damage elements for purposes of factual sufficiency reviews on each damage element).**
>
> **A number of courts have held that "pain and suffering" and "mental anguish" are separate elements of damage.** *See Daniels v. Univ. of Tex. Health Science Center at Tyler,* **No. 12-03-00399-CV, 2005 WL 1642969 \*2 (Tex. App.—Tyler July 13, 2005, no pet.) (mem. op.);** *Dollison v. Hayes,* **79 S.W.3d 246, 250-51 (Tex. App.—Texarkana 2002, no pet.);** *Southwestern Bell Tele. Co. v. Alemania,* **No. 13-99-021-CV, 2000 WL 35721226 \*2 (Tex. App.—Corpus Christi June 1, 2000, no pet.) (not designated for publication);** *Ford Motor Co. v. Durrill,* **714 S.W.2d 329, 342 (Tex. App.—Corpus Christi 1986),** *judgmt. vacated on other grounds,* **754 S.W.2d 646 (Tex. 1988). The Texas Supreme Court has acknowledged that physical injuries to the body and mental injuries may present distinct and separate harms.** *See Trinity Universal Ins. Co. v. Cowan,* **945 S.W.2d 819, 826 (Tex. 1997) (concluding that, for insurance**

**coverage purposes, claim for physical manifestations of mental anguish is not implicitly raised by pleading of mental anguish).**[1]

_____

Judge Presiding


**Source:**     PJC 28.3, 28.9

**Ruling:**

This requested instruction, being duly and timely requested, was:

GIVEN:     _____

REFUSED:     _____

_____

[1] In *Ford Motor Co. v. Durrill,* the trial court permitted physical pain and mental anguish to be submitted separately. On appeal, Ford argued that the two elements are "inseparably intertwined" and that their separate submissions "invited the jury to award double damages." *Durrill,* 714 S.W.2d at 342. The Corpus court of appeals, however, approved the separate submissions. *Id.* at 343. Noting the trial court's broad discretion in the submission of special issues, and the fact that the damage questions were "prefaced by a limiting instruction which told the jury to consider each element of damage separately, and not to include damages for one element in any other element," the court of appeals held:

> The survival issue separates into subsections physical pain and suffering and mental anguish. While often grouped, we find that these two elements are distinguishable and not duplicitous. Mental anguish signifies a state of mind which includes contemplation by the party of the disfigured or maimed condition which he is in as a result of an injury. Physical pain and suffering connotes the physical sensations when injury has occurred to the body. The trial court did not err in submitting the issues as he did.

*Id.; Sharm v. Martinez,* 900 S.W.2d 777, 784 (Tex. App.—Corpus Christi 1995, judgm't vacated) (acknowledging *Durrill's* permission of separate awards for pain and suffering and mental anguish); *see also Southwestern Bell,* 2000 WL 35721226 at *1 (in addressing sufficiency of evidence to support $10,000 mental anguish award, noting separate jury findings for mental anguish and past physical pain).

MODIFIED: _____

DATED: _____

_____

### Presiding Juror:

1.      When you go into the jury room to answer the questions, the first thing you will need to do is choose a presiding juror.

2.      The presiding juror has these duties:

     a.      have the complete charge read aloud if it will be helpful to your deliberations;

     b.      preside over your deliberations, meaning manage the discussions, and see that you follow these instructions;

     c.      give written questions or comments to the bailiff who will give them to the judge;

     d.      write down the answers you agree on;

     e.      get the signatures for the verdict certificate; and

     f.      notify the bailiff that you have reached a verdict.

Do you understand the duties of the presiding juror? If you do not, please tell me now.

### Instructions for Signing the Verdict Certificate:

1.      You may answer the questions on a vote of ten jurors. The same ten jurors must agree on every answer in the charge. This means you may not have one group of ten jurors agree on one answer and a different group of ten jurors agree on another answer.

2.   If ten jurors agree on every answer, those ten jurors sign the verdict.

If eleven jurors agree on every answer, those eleven jurors sign the verdict.

If all twelve of you agree on every answer, you are unanimous and only the presiding juror signs the verdict.

3. All jurors should deliberate on every question. You may end up with all twelve of you agreeing on some answers, while only ten or eleven of you agree on other answers. But when you sign the verdict, only those ten who agree on every answer will sign the verdict.

Do you understand these instructions? If you do not, please tell me now.

_____
Judge Presiding

**Verdict Certificate**

Check one:

_____ Our verdict is unanimous. All twelve of us have agreed to each and every answer. The presiding juror has signed the certificate for all twelve of us.

_____          _____
Signature of Presiding Juror                          Print Name of Presiding Juror

_____ Our verdict is not unanimous. Eleven of us have agreed to each and every answer and have signed the certificate below.

_____ Our verdict is not unanimous. Ten of us have agreed to each and every answer and have signed the certificate below.

              Signature                           Name Printed

1. _____          _____

2. _____          _____

3. _____          _____

4. _____          _____

5. _____          _____

6. _____    _____

7. _____    _____

8. _____    _____

9. _____    _____

10. _____    _____

11. _____    _____

**Source:**      PJC 1.3A

**Ruling:**

This requested instruction, being duly and timely requested, was:

GIVEN:          _____

REFUSED:        _____

MODIFIED:       _____

DATED:          _____

_____
Judge Presiding